COUNCIL BLUFFS LODGE No. 49, I. O. O. F., v. BILLUPS
ET AL.

1. **Mortgage**: NOTICE OF SENIOR BUT UNRECORDED MORTGAGE: NEW
   MORTGAGE TO CORRECT MISTAKE IN SENIOR MORTGAGE: PRIORITY.
   Where a mortgagee has notice of a first but unrecorded mortgage,
   which is recited in his mortgage as being a first lien, he cannot claim
   that his mortgage takes precedence of a new mortgage, executed and
   recorded after his mortgage, to correct a mistake in the description of
   the property in the first mortgage.

2. **Evidence**: INADMISSIBLE UNDER ISSUES: OBJECTION TOO LATE ON
   APPEAL.   Where evidence which is material to the real controversy
   between the parties, but which is not admissible under the issues as
   made by the pleadings, is admitted without objection in the lower court,
   it can not be objected to for the first time in this court.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, DECEMBER 15.

ACTION to foreclose a mortgage.   There was a decree for
the plaintiff, and the defendant Beno appeals.

*Wright, Baldwin & Haldane*, for appellant.

*D. C. Bloomer*, for appellee.

ROTHROCK, J.—The defendants Rhoda Billups and J. P.
Billups executed two mortgages upon a lot in the city of

Council Bluffs. One of these mortgages was made to the plaintiff, and the other to the defendant Beno. This action was brought by the plaintiff to foreclose its mortgage. Beno was made a party, and it was claimed by the plaintiff that its mortgage was prior and superior to that of Beno. Beno disputed this claim. The makers of the mortgages made no defense, and the issue tried in the court below, and presented to this court, involves the question as to which mortgage takes priority over the other. The facts, as disclosed by the record, are that a mortgage to the plaintiff was executed on the twenty-seventh day of November, 1883, and left in the custody of Hon. D. C. Bloomer. In the Month of December of the same year the defendant Beno called on Bloomer, and informed him that the Billups wished to borrow money on the lot on which the Odd Fellows had a mortgage. He inquired the amount of the plaintiff's mortgage, and asked for a description of the lot, saying that he thought the lot would be good for $300 more. A mortgage was made out to Beno in Bloomer's office, and the matter was talked over, and it was fully understood by Beno that the plaintiff held a mortgage upon the lot, which was the first lien. The mortgage to Beno recited that the plaintiff's mortgage was first and Beno's second, and that the premises were clear of encumbrance, excepting a mortgage to the plaintiff. The mortgage to Beno was executed on the twenty-sixth day of December, 1883, and filed for record on the next day. Sometime afterward Bloomer discovered that the plaintiff's mortgage did not correctly describe the lot intended to be mortgaged. Bloomer then procured the makers of the mortgage to execute a new one, in which the property was correctly described, and it was dated back to November 27, 1883, the date of the first mortgage. This substituted mortgage was made on the sixth day of May, 1884, and it was filed for record on the next day.

The petition of the plaintiff declares upon its last or substituted mortgage. It is not alleged in the petition that the

plaintiff's mortgage is superior to that of the defendant on the ground that the defendant had notice that the first mortgage was intended by the parties to be a lien upon the lot owned by the mortgagors. That Beno had such notice is not disputed. He cannot be allowed to claim that he did not have such notice, because his own mortgage expressly provides that the plaintiff's mortgage is the superior lien. Counsel for appellant claim that the evidence showing that Beno had notice is inadmissible under the issue as made by the pleadings. We think this objection should have been made upon the trial in the circuit court. It ought not to be allowed to be interposed for the first time upon appeal in this court. It was competent evidence as determining the rights of the contending parties as to the priority of the mortgages, and, if objection had been made to it, the plaintiff could have at once amended the petition. No objection having been made, the plaintiff was warranted in believing that the defendant was content to try the real controversy between the parties without insisting on technical accuracy in the pleadings.

AFFIRMED.