WILLIAM C. HERRING, APPELLANT, VS. WILLIAM R. FITTS, LOUISA FITTS AND THE VOLUSIA COUNTY BANK, A CORPORATION EXISTING UNDER THE LAWS OF FLORIDA, APPELLEES.

1. A court of chancery possesses jurisdiction to correct a mutual mistake when clearly established by proof.

2. When a married woman intends to convey or mortgage her real estate, and to accomplish such purpose executes a proper instrument in conjunction with her husband with all the formalities required by law, but by mistake of the scrivener an erroneous description of the land is inserted contrary to the intent of the parties, a court of chancery has power to correct the mistake upon clear proof of the fact, and in so doing the intent and policy of our laws in reference to alienation of real estate by married women are not contravened. Causing the true description to be read into the deed neither makes a new conveyance or changes an old one; it simply makes the conveyance effective by applying it to the property intended to be included.

3. A recital in a mortgage that it is second to one executed to a third party on a prior date is binding upon a mortgagee who accepts it, and where a mutual mistake was made in the description of the property in the first mortgage it may be corrected without injustice to the mortgagee in the second.

Appeal from Circuit Court for Volusia County.

*Statement.*

Appellant filed a bill in chanery against appellees alleging that on the 26th day of March, 1890, William R. Fitts was owner and in possession of lots B, C, and F, of Block 10, of Rich's Addition to the city of DeLand, Volusia county, and also the north half of the south half of the southeast quarter of the northwest quarter of the southeast quarter of section 8, township 17 south, range 30 east containing two and one-half acres; that on said

date complainant loaned to defendant William R. Fitts
southeast quarter of section 8, township 17 south of
same date executed by said Fitts and his wife, Louisa,
payable three years after its date, and to secure the same
they executed and delivered to complainant a mortgage
on the lots described and on the north half of the south
half of the northwest quarter of the southeast quarter of
section 8, township 17 south, range 30 east; that Fitts
did not then and has never owned the last described prem-
ises, and it was intended by him and his said wife and
complainant that the mortgage should embrace the lots
and land first above described owned by Fitts, and none
other, but by an error of the scrivener who drew the
mortgage, the premises, in addition to the lots, were de-
scribed as the north half of the south half of the north-
west quarter of the southeast quarter of section 8, town-
ship 17, south of range 30 east, instead of being described
as the north half of the south half of the southeast quar-
ter of the northwest quarter of the southeast quarter of
said section, township and range, as was mutually intend-
ed by and between complainant and said William R. and
Louisa Fitts, and in ignorance of the mistake complainant
filed said mortgage for record in the office of the clerk of
the Circuit Court for Volusia county on the 26th day of
May, 1890, and the same was duly recorded.

It is further alleged that on the 17th day of March,
1891, said William R. Fitts and wife executed and de-
livered a mortgage to the Volusia County Bank and then
duly recorded to secure the sum of $1,000, covering the
said lots B, C and F and the north half of the south half
of the southeast quarter of the northwest quarter of the
southeast quarter of section 8, township 17 south of

range 30 east, but that said mortgage was executed and received by the bank with full knowledge of the debt due complainant, and with full knowledge of the mistake so made in the description of the land intended to be conveyed by his mortgage, and that the mortgage to the bank was a second mortgage, it containing a statement that it was a second mortgage on the premises therein described and subject to the mortgage thereon given to complainant, bearing date May 26th, 1890. It is further alleged that complainant, from the time of the execution of his mortgage until a short time since rested in the belief that his mortgage contained a correct description of the premises intended to be mortgaged, and that by reason of the mistake in that respect he had no lien of record upon the premises designed to be mortgaged, and that his actual and *bona fide* claim and lien upon the same were liable to be defeated by a sale to a *bona fide* purchaser, or by the recovery of judgment against Fitts.

The special relief prayed is that the mistake in complainant's mortgage may be corrected and that it be reformed so as to truly describe the premises intended to be conveyed, and that it be decreed to be a first mortgage and prior to the lien of the mortgage executed to the bank.

Both mortgages are exhibited with the bill and made parts thereof by proper averments and appear to be properly executed and acknowledged. The one to complainant described the premises as "those certain lots and tracts of land lying and being in the city of DeLand, Volusia county, Florida, described as follows: Lots B, C and F of block ten (10) Rich's Addition to the city of DeLand; also the north half of the south half (1-2) of the north-

west quarter (1-4) of the southeast quarter (1-4) of section eight (8), township seventeen (17) south of range thirty east, containing two and one-half acres, more or less." The one to the bank described the land as "all those lots, pieces or parcels of land lying and being in the city of DeLand, Volusia county, Florida, described as follows, to-wit: the north half of the south half (S. 1-2) of the southeast (S. E. 1-4) quarter of the northwest quarter (N. W. 1-4) of the southeast quarter (S. E. 1-4) of section eight (8), township seventeen (17) south, range thirty east, containing two and one-half acres, more or less; also lots B, C and F of block ten (10) according to a map and survey of Rich's Addition to the town (now city) of DeLand in said county of Volusia and State of Florida. This being a second mortgage on the above described pieces of land and subject to a mortgage thereon given to W. C. Herring, bearing date May 26th, 1890."

By supplement to the original bill complainant alleged that since the filing thereof the mortgage debt secured by his mortgage had, by virtue of provisions therein, become due and collectable and foreclosure of the same was prayed.

Willam R. Fitts demurred to the bill, and his wife interposed a plea, both of which were overruled by the court. As no point is raised as to such rulings no further reference is made to them.

Decree *pro confesso* was entered as to William R. Fitts on failure to answer, and Mrs. Fitts answered admitting that her husband, William R. Fitts, was, on the 26th day of May, 1890, owner of lots B, C and F of Rich's Addition to the city of DeLand, but denies that he

was then or at any prior time owner of the north half of the south half of the southeast quarter of the northwest quarter of the southeast quarter of section 8, township 17 south, of range 30 east. She alleges that she was then and still is the owner of said premises as her sole and separate statutory property by virtue of a deed of conveyance to her in her own right. She further admits that on the 26th day of May, 1890, she and her co-defendant, William R. Fitts, executed to complainant the note and mortgage mentioned in the bill; that she was requested to sign said mortgage and did so releasing all her right in the premises described therein and no other.

The bank answered, disclaiming any knowledge sufficient to form a belief as to the allegations of the bill not specifically replied to, and therefore denied the same and demanded strict proof as to them. As to the loan of $1,500 by complainant and the execution of the mortgage by Wm. R. Fitts and wife to secure the same, all knowledge was disclaimed except that furnished by the records pertaining to the same, and as to whether there was any mistake in the description of the property intended to be conveyed, it is stated, that defendant had no knowledge or information upon which to form a belief, and strict proof was demanded as to this allegation.

It is admitted that defendants, Wm. R. and Louisa Fitts, executed and delivered to the bank the mortgage to secure the $1,000 mentioned in the bill, but it is denied that said mortgage was executed and delivered by the Fitts and received by the bank with full knowledge of the debt from them to complainant, and with full knowledge of the mistake made in the description of the land intended to be mortgaged, and that the mortgage to the bank

was a second mortgage upon the premises and subject to and subordinate to the lien of complainant's mortgage, except as to lots B, C and F of block ten of Rich's Addition to the city of DeLand. It is admitted that the bank's mortgage was a second security upon the lots mentioned, but as to the north half of the south half of the southeast quarter of the northwest quarter of the southeast quarter of section 8, township 17 south, range 30 east, it is denied that complainant has any claim whatever that affects the priority of the bank's mortgage which is alleged to be the superior lien. It is also alleged that at the time of the execution of the mortgage to complainant sought to be reformed Louisa Fitts was the owner of the north half of the south half of the southeast quarter of the northwest quarter of the southeast quarter of section 8, township 17 south, range 30 east, as her sole and separate statutory property, and that she has never made any contract or agreement to convey or mortgage the same to complainant. It is stated that defendant had no knowledge or belief as to, and therefore denied, the allegation that complainant, from the time of the execution of his mortgage until a short time since, rested in the belief that his said mortgage contained a correct description of the premises intended to be mortgaged to him, and it is alleged that defendant positively claimed a prior and superior lien to that of complainant on the land described in the mortgage to the bank, except as to lots B, C and F on which complainant had a first lien.

The amendment to the answer of the bank is not stated, as it was ruled out on exceptions and no question is presented on it.

Replications were filed, testimony taken and on final

hearing the court decreed that the mortgage executed by
William R. and Louisa Fitts to the complainant, bearing
date 26th May, 1890, be corrected and reformed so that
the premises thereby mortgaged shall be described as lots
B, C and F of block ten (10) of Rich's Addition to the
city of DeLand, and also the north half of the south half
of the southeast quarter of the northwest quarter of the
southeast quarter of section 8, township 17 south, range
30 east, containing two and one-half acres, more or less,
and that said mortgage was a first lien on lots B, C and F,
but a second and subordinate lien to that of the bank on
the other described land.   Complainant appealed from
that portion of the decree declaring his mortgage sub-
ordinate to that of the bank on the premises other than
the lots mentioned, and there is also a cross-appeal by
Fitts and wife as to the decree correcting and reforming
the mortgage of complainant in respect to the descrip-
tion of the land.

The facts will sufficiently appear in the opinion.

*B. M. Miller,* for Appellant.

*Isaac A. Stewart, (with whom was Egford Bly on
the brief)* for Appellees.

MABRY J.   (*After stating the facts.*)

The two controlling questions now presented for
decision arise upon the respective appeals taken by parties
in this case.   The one presented by the appeal of defend-
ants Louisa Fitts and her husband Wm. R. Fitts comes
first in natural order, and will be first considered.   We

find that it is not free from difficulty. The court found from the evidence submitted that a mutual mistake was made as to the description of part of the land embraced in the mortgage executed by Wm. R. and Louisa Fitts to the complainant Herring, bearing date May 26th, 1890, and decreed that it be corrected and reformed so as to embrace, in addition to the lots as to which there was no question, the north half of the south half of the southeast quarter of the northwest quarter of the southeast quarter of section 8, township 17 south, range 30 east, containing two and one-half acres more or less. It will be seen by comparison that the description in the Herring mortgage before its reformation, did not include the identical parcel of land embraced in the correction. The conclusion of the court that a mutual mistake existed as to the description of the parcel of land containing two and one-half acres, must be sustained on the evidence. Some evidence of a mistake is apparent from the description inserted in the mortgage at the time of its execution. It describes a parcel of land containing ten acres, and it is stated to contain two and one-half acres, the amount included in the parcel which it is claimed the parties mutually intended should be embraced in the mortgage. The draughtsman of the mortgage testified positively that he made the mistake in the description, which it will be seen is an unusual one, on account of the shape of the parcel of land, and Wm. R. Fitts also testified that there was a mistake. In the subsequent mortgage executed by Fitts and wife to the bank, in which there is a correct description of the two and one-half acres, and also the three lots, there is a recital that it was a second mortgage "on the above described pieces of land, and subject to a mortgage thereon

given to W. C. Herring, bearing date May 26th, 1890."
Neither Wm. R. Fitts nor his wife owned the ten acre
parcel described in the Herring mortgage, but Mrs. Fitts
did own the two and one-half acre parcel which it is
claimed they designed to mortgage.

The recital in the bank mortgage that the Herring
mortgage was given on the two and one-half acre parcel
correctly described may not operate as an estoppel on
Mrs. Fitts that such was the fact, but it contains a very de-
liberate declaration on her part to that effect, and, taken
in connection with all the evidence in the case, sufficiently
sustains the conclusion of the court that the parties mu-
tually intended to mortgage the two and one-half acre
parcel, and by mistake another parcel was included.

The jurisdiction of the court of chancery to correct
a mutual mistake when clearly shown is not questioned,
and were it not for the fact that the correction in this
case relates to the land of a married woman, the matter
would end without difficulty.

At common law a married woman could not either
alone or by uniting with her husband in a deed bar her-
self, or her heirs, of her interest in real estate. Such a
deed and her contracts generally were void, except so far
as they related to her equitable separate estate and permit-
ted by its nature and holding. The only way she could
convey real estate was by uniting with her husband in the
solemn proceeding in a court of record known as a fine
and recovery. This mode of conveying real estate by
married women is abolished in this State, but by the con-
stitution and statute they can mortgage or deed their in-
terests in realty, and the mode thereby provided is said
to be a substitute for the fine and recovery of the common

law.   Hart v.  Sanderson's Administrators, 18 Fla. 103.
The constitution provides that "all property, real and
person, of a wife owned by her before marriage or law-
fully acquired afterwards by gift, devise, bequest, de-
scent, or purchase, shall be her separate property, and the
same shall not be liable for the debts of her husband
without her consent given by some instrument in writing,
executed according to the law respecting conveyances by
married women."   Sec. 1, Art. XI constitution of 1885.
By statute a married woman may sell, convey or mort-
gage her real property as she might do if she were not
married, provided her husband join in such sale, convey-
ance or mortgage, and provided she acknowledge before
some officer authorized to take acknowledgements of
deeds, separately and apart from her husband, that she
executed the same freely and voluntarily and without
compulsion, constraint, apprehension or fear of or from
her husband, and the officer's certificate must set forth
such requirements.   Rev. Stats. §§ 1956, 1958.   In the
case before us the Herring mortgage, in reference to
which there was a mistake as to the description of the
land sought to be encumbered, was executed with all the
formalities required by the statute and the power of the
court was not invoked to perfect a defectively executed
or acknowledged instrument.   The decree rendered does
not undertake to compel the wife to execute another mort-
gage, but its effect is that the instrument duly executed
by the parties shall operate upon the real subject-matter
that the parties had in mind and purpose when they made
it.   Our opinion is that the decision of the court was cor-
rect.   Confining the decision to the facts before us, we
think that where a married woman intends to convey or

mortgage her real estate, and to accomplish this purpose executes a proper instrument in conjunction with her husband with all the formalities required by law, but by mistake of the scrivener an erroneous description of the land is inserted contrary to the intent of the parties, a court of chancery has power to correct the mistake upon clear proof of the facts, and that in so doing the policy and intent of our laws, in reference to the alienation of real estate by married women, are not contravened. Causing the true description to be read into the deed neither makes a new conveyance nor changes an old one; it simply makes the conveyance affective by applying it to the property intended to be included. There is a decided conflict of authority on the point under law similar to ours, and there is much weight in those holding a contrary view to that we adopt; but after much reflection we think they do not announce the correct doctrine. Our conclusion is sustained by the following decisions which we think state the correct view: Hamar v. Medsker, 60 Ind. 413; Styers v. Robbins, 76 Ind. 547; Gardner v. Moore, 75 Ala. 394, S. C. 51 Am. Rep. 454; Stevens v. Holman, 112 Cal. 345, 44 Pac. Rep. 670, S. C. 53, Am. St. Rep. 216; Note to Milliams v. Hamilton, 65 Am. St. Rep. commencing on page 511. It was supposed that California had adopted a different view in the case of Leonis v. Lazzarovich, 55 Cal, 52, but if this case can be so construed it has been overruled by Savings & Loan Soc. v Meeks, 66 Cal. 371, 5 Pac. Rep. 624. and Stevens v. Holman, *supra*. The mortgage executed by Mrs. Fitts was not voluntary in the sense of being without consideration. It was given to secure fifteen hundred dollars which her husband received, and this, of course, was a consideration for the security.

The next question arises on the appeal of Herring from the portion of the decree subordinating his mortgage as corrected to that of the bank, and in this we are of opinion that the court committed an error. The bank's mortgage, in reference to the property, contains the following statement: "all those lots, pieces or parcels of land lying and being in the city of DeLand, Volusia county, Florida, described as follows, to-wit: the north half of the south half (S. 1-2) of the southeast quarter (S. E. 1-4) of the northwest quarter (N. W. 1-4) of the southeast quarter (S. E. 1-4) of section eight (8), township seventeen (17) south, range thirty east, containing two and one-half acres, more or less, also lots B, C and F of block ten (10) according to map and survey of Rich's Addition to the town (now city) of DeLand, in said county of Volusia, and State of Florida. This being a second mortgage on the above described pieces of land, and subject to a mortgage thereon given to W. C. Herring, bearing date May 26th, 1890." It is argued for the bank that the recitation in its mortgage about its being subject to the one given to W. C. Herring refers to lots B, C and F only, and if this be incorrect there is ambiguity whether it does or not, and that, as a matter of fact disclosed by the evidence, the bank did not know of the intention to include the two and one-half acre parcel in the Herring mortgage. We do not perceive any ambiguity about the recital. It contains a clear statement that the bank's mortgage was second on the "above described pieces of land,"—which included all that had been described in the immediate connection, with nothing to indicate the absence of any part, and that it was subject to a mortgage thereon given to Herring on May 26th, 1890. The bank accepted this mortgage and

is bound by its recitals and conditions. In terms it con-. tracted with the mortgagors for a second mortgage to that of Herring on the land described and the reformation of the first mortgage does not alter the contractual relation voluntarily assumed by the second one. It does not appear that the representatives of the bank ever made any investigation or enquiry in the right direction to ascertain whether or not Herring had any mortgage claim on the land, and its mortgage clearly imparted information of this fact. It must, therefore, be accepted that the bank received its mortgage under the agreement and belief that Herring was entitled to a prior lien on the land, and as he was in fact so entitled, it would be contrary to equity to deprive him of his rights. It was held in Council Bluffs Lodge v. Billups, 67 Iowa 674, 25 N .W. Rep. 846, that where a mortgagee has notice of a first but unrecorded mortgage, which is recited in his mortgage as being a first lien, he cannot claim that his mortgage takes precedence of a new mortgage, executed after his mortgage, to correct a mistake in the description of the property in the first mortgage. This view is also sustained in Gale's Executors v. Morris, 29 N. J., Eq. 222; Ibid. 30 N. J. Eq. 285.

There is some contention made that appellant Herring was guilty of laches in not proceeding earlier to correct the mistake in his mortgage as the proof showed he had information of it not long after his mortgage was recorded, but we do not see how the bank can complain of the delay. Its mortgage furnished unmistakable evidence that it was second and subordinate to Herring's on the land, and no just complaint can be made, after accepting such a mortgage, for the delay in this case.

The part of the decree of the chancellor correcting the description of the land in the mortgage given to W. C. Herring, bearing date May 26th, 1890, is affirmed, and the part subordinating the mortgage as reformed to the lien of the mortgage given to the Volusia County Bank is reversed, with directions for further proceedings consistent with this opinion.