A. H. Sickler, .et al., v. Melbourne State Bank,
a Corporation.

159 So. 678.
Division B.
Opinion Filed February 23, 1935.
Rehearing denied March 15, 1935.

Erskine W. Landis and Hull, Landis & Whitehair, for
Appellants;

F. W. Butler, for Appellee.

Buford, J.—In this case the Melbourne State Bank
sought to foreclose a mortgage on certain lands described
therein as follows:

"Lots 29 and 32, in Block 10, on Oak Street, according
to the Plat of the City of Melbourne recorded in the office
of the Clerk of the Circuit Court, Brevard County, Florida."

It is further alleged that the same lands were known and otherwise described, as follows:

"Lots 29 and 32, Block 10 of W. T. Well's Subdivision of Melbourne, Map No. 3 according to Plat recorded in Plat Book 1, page 158 of the Public Records of Brevard County, Florida, said land being in Section 3, Township 28, South, Range 37 East."

The record shows that subsequent to the execution and delivery of the bank mortgage the mortgagor, Melbourne Steam Laundry, Inc., made and executed two other mortgages on the same lands, but describing the property as per the latter description above quoted.

The subsequent mortgagees defended, contending that the description contained in the bank mortgage was not sufficient to put them on notice of the same as a prior lien. The contention is based upon the fact that there is no plat of the City of Melbourne recorded in the office of the Clerk of the Circuit Court of Brevard County, Florida, showing Lots 29 and 32 in Block 10 on Oak Street, but that the said lots are only shown by a Plat of W. T. Well's Subdivision of Melbourne, Map No. 3, according to Plat recorded in Plat Book 1, page 158, of the Public Records of Brevard County, Florida.

The evidence showed that there was a map of Melbourne, Brevard County, Florida, compiled by one B. F. Johnson, Engineer, in 1919, which was in general use in the Town of Melbourne, though was not recorded, and that this map showed Lots 29 and 32 in Block 10 on Oak Street.

The record further showed that there was at no time any other Block 10 on *Oak Street* in the City of Melbourne and the record further showed that there were no lots numbered *29 or 32* in any other Block 10 of the Town of Melbourne.

And so it is, that the record shows conclusievlý that the only property which may be described as Lots 29 and 32 in Block 10 on Oak Street in the Town of Melbourne are the identical lots pledged in the bank mortgage and were also the identical lots pledged in the two subsequent mortgages referred to in the record.

We think that the description contained in the bank mortgage was entirely sufficient as between the parties to that mortgage and that it created a binding and valid lien upon the property attempted to be described therein.

We further hold, on authority of the opinions and judgments in the cases of Gradolph v. Ricou, *et al.,* 104 Fla. 237, 139 Sou. 579; and Federal Land Bank of Columbia v. Dekle, 108 Fla. 555, 148 Sou. 756, that the recording of the bank mortgage in the proper public records in the office of the Clerk of the Circuit Court of Brevard County, Florida, constituted adequate constructive notice to pay all persons dealing with the property involved on inquiry as to the identity of the property upon which the lien was created by such mortgage.

It appears from the record that had the subsequent mortgagees made reasonable inquiry pursuant to the above mentioned constructive notice which was sufficient to put them on inquiry, they would necessarily have discovered the existence of the valid prior lien as to which the record discloses no dispute as between the parties to the mortgage creating that lien.

It is too well settled to require the citation of authorities that one who has either actual or constructive information and notice sufficient to put him on inquiry is bound, for his own protection, to make that inquiry which such information or notice appears to direct should be made and if he disregards that information or notice which is sufficient to

put him on inquiry and fails to inquire and to learn that which he might reasonably be expected to learn upon making such inquiry then he must suffer the consequence of his neglect.

The decree appealed from should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.