426 So.2d 1097 (1983)
William RAFKIND, Robert Macht, and Lee Lebow, Appellants,
v.
Albert J. BEER, Lois S. Beinhorn and Annabelle S. Rosen, Erwin Jacobsohn, Simon A. Jacobson and Rebecca Jacobson, Philip G. White and Elizabeth S. White, and Everett Shocket and Barbara Shocket, Appellees.
No. 81-426.
District Court of Appeal of Florida, Third District.
February 1, 1983.
Rehearing Denied March 7, 1983.
*1098 Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and Alan T. Dimond and Robert K. Burlington, Miami, for appellants.
Keith, Mack, Lewis & Allison and Edgar Lewis and Gisela Cardonne, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
NESBITT, Judge.
We affirm the final judgment under the terms of which the defendants, Rafkind, Macht, and Lebow, became constructive trustees of a sixty-per cent interest in a real estate investment trust.
The defendants and the plaintiffs invested in the land trust through one George Simon, the trustee. The interests of the investors were unrecorded and only Simon knew the investors' identities. By accident, the three defendants became aware that each had invested in Simon's land trust. Subsequently, while discussing some business involving the property, Simon informed the defendants that there had been other investors in the trust but that he had purchased their interests. The defendants knew any such purchase would have been a violation of the trust agreement provision granting all investors the right of first refusal whenever an interest was offered for sale.
Shortly after this meeting, a former employee of Simon's contacted one of the defendants and told him to "check on his investment." Upon searching the court records, the defendants learned that Simon had mortgaged the trust property for $232,500. *1099 The defendants also knew that mortgaging the trust property was a breach of the trust agreement. When they confronted Simon with what they had discovered, he offered to assuage them by deeding them a sixty-per cent interest in the property. Owning an aggregate forty-per cent interest at the time, the defendants accepted this offer.
Not long after executing and delivering the deed, Simon died. It was then discovered that he owned only a fifteen-per cent beneficial interest at the time of his deed to the defendants. The other forty-five per cent belonged to the plaintiffs. The plaintiffs sued to impose a constructive trust upon the sixty-per cent interest that was the subject of the deed. The trial court did so, rejecting the defendants' claim that they were subsequent purchasers for value and without notice and therefore entitled to priority under Section 695.01, Florida Statutes (1979).
Actual notice of unrecorded instruments may be implied. Sapp v. Warner, 105 Fla. 245, 141 So. 124 (1932). In order to charge a person with notice of information which might have been learned by inquiry, the circumstances must be such as should reasonably suggest inquiry. Chatlos v. McPherson, 95 So.2d 506 (Fla. 1957). A determination of whether there are sufficient facts known to require further investigation generally is one for the trier of fact. Sapp v. Warner, 105 Fla. 245, 143 So. 648 (1932) (on rehearing); McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981). We hold that, in light of the circumstances recounted above, the circuit judge, sitting as trier of fact, properly found that the defendants had a duty to make further inquiry concerning the existence of other unrecorded interests.
We also agree with the trial judge that the mere fact that the defendants hired an attorney to "protect their interests" after finding the mortgage did not mean they diligently performed their duty of inquiry. As early as 1935, it was
too well-settled to require the citation of authorities that one who has either actual or constructive information and notice sufficient to put him on inquiry is bound, for his own protection, to make that inquiry which such information or notice appears to direct should be made, and, if he disregards that information or notice which is sufficient to put him on inquiry and fails to inquire and to learn that which he might reasonably be expected to learn upon making such inquiry, then he must suffer the consequence of his neglect.
Sickler v. Melbourne State Bank, 118 Fla. 468, 159 So. 678, 679 (1935). With the information they possessed (i.e., Simon's apparent admission, although the story was fabricated, that he breached his fiduciary duty by not extending the right of first refusal to a sale by other investors; and the recorded mortgage directly evidencing a breach of the trust agreement), it was incumbent upon the defendants to at least attempt to ascertain whether any other investors had existed and whether the sale described by Simon actually took place. It being that the defendants' interests were unrecorded, they obviously had to perform their duty of inquiry outside the record as well. See Sickler, supra. No efforts whatsoever were made in this regard. As a result, the defendants are bound by their neglect.
The defendants argue alternatively that even if they conducted a reasonably diligent inquiry outside the record, they still would not have learned any facts demonstrating the existence of the other unrecorded interests. However, had the defendants made even the slightest inquiry of Simon, they would have discovered that he could provide no proof that he had purchased any other interests or that he owned anything more than a fifteen-per cent beneficial interest in the trust. Therefore, they were on implied actual notice that there were other beneficial interests outstanding.
Since the defendants purchased with notice, Section 695.01 will not afford them priority over the plaintiffs' unrecorded ownership of forty-five per cent of the trust property. Ruotal Corp. v. Ottati, 391 So.2d 308 (Fla. 4th DCA 1980). Similarly, because *1100 the defendants are charged with knowledge of the plaintiffs' right of first refusal, that right is valid as against the deed transferring Simon's unrecorded fifteen-per cent interest to the defendants. Cf. Warren v. City of Leesburg, 203 So.2d 522 (Fla. 2d DCA 1967) (original owner's repurchase option contained in deed to subsequent vendor was not extinguished by vendor's deed to purchaser having prior knowledge of repurchase option). Consequently, the trial court correctly imposed a constructive trust upon the forty-five-per cent interest for the benefit of the plaintiffs, and upon the fifteen-per cent interest for the benefit of all the investors ratably.[1]
Affirmed.
NOTES
[1] The only consideration advanced by the defendants for Simon's deed was a forbearance from suit. It follows that the plaintiffs, who were in the same position as the defendants vis-a-vis Simon, need extend no consideration to the defendants for the latter's court-ordered relinquishment of the interest resulting from the deed.