BOARDMAN, Acting Chief Judge.
Plaintiff Great American Management and Investment appeals a final judgment ruling the lien on certain land owned by Skyway Development Corporation (Sky-way) held by appellee Fowler, White, Gillen, Boggs, Villareal & Banker, P.A. to be superior to appellant’s lien. We reverse.
Appellant filed a complaint against Sky-way, appellee, and numerous other defendants to foreclose its mortgage on Skyway’s property in Manatee County. Appellant and Skyway stipulated to a final judgment ordering foreclosure unless Skyway made certain payments to appellant within prescribed times.
The only issue unsettled by that final judgment and the sole point on this appeal is appellee’s claim to priority on part of Skyway’s property, an affirmative defense raised in appellee’s answer to appellant’s complaint for foreclosure.
Appellee claimed its May 2, 1978, mortgage had priority over appellant’s May 4, 1978, amended mortgage and over appellant’s original 1972 mortgage because the legal description in appellant’s 1972 mortgage contained errors and the land could not be located. Appellant claimed the presence of errors in the legal description did not render the property unbeatable and that appellee had actual notice of appellant’s lien prior to obtaining its mortgage.
At the pretrial conference, the parties stipulated that appellant had the burden of establishing that appellee was estopped from asserting any priority it might have by virtue of its May 2, 1978, mortgage and that appellee’s mortgage was not entitled to the benefit of the recording statute, section 695.01(1), Florida Statutes. Notwithstanding this stipulation, the trial court ruled:
So I’m not concerned with notice, but we are concerned with whether or not there was land upon which their lien attached.
So let’s confine the issues to that.

The ruling I’m making is that I do not find that we’re concerned with the law as to bona fide purchasers for value because we do not have it here.
Our concern here is whether or not Fowler-White’s mortgage has precedence or not, and so let’s confine the evidence to that.
*547 The court rejected the argument that ap-pellee could not obtain priority because a member of appellee had actual notice that appellant’s 1972 mortgage covered or was supposed to cover all of Skyway’s property in Manatee County, responding: “Why could he not do it? He’s not a purchaser.”
The trial court found that appellant’s 1972 mortgage was ineffective due to numerous description errors rendering the land unbeatable and that appellee’s mortgage had priority over appellant’s amended, mortgage. This appeal followed timely.
The pertinent facts are that appellant received a note and mortgage dated October 27, 1972, on Skyway’s property in Manatee County. Skyway gave eight modifications of mortgage on its property to appellant in 1973. On October 31, 1972, Skyway gave appellant a collateral assignment of contracts for sale of land.
William Tucker, an attorney'for appellant, testified that on March 2, 1978, a two hour meeting was held between him, Richard Stein, another attorney for appellant, and James Thompson, a member of appellee representing Skyway. At that meeting he told Thompson that there were certain ambiguities or mistakes in the legal description in appellant’s 1972 mortgage covering all of Skyway’s property and that appellant wanted a clarification or modification of the legal description before appellant would pay certain tax certificates about to be sold on Skyway’s property.
On deposition Thompson admitted attending the meeting. He further admitted that clarification of errors in the legal description was discussed at this meeting and that, before appellee’s mortgage was executed, he had actual knowledge that Sky-way intended to execute appellant’s amended mortgage.
On March 13, 1978, Tucker sent a letter to Thompson which stated in pertinent part: “Now that your client, Skyway Development Corporation, has agreed to the modification of the GAMI mortgage as we discussed recently....” On March 24, 1978, a letter from Tucker to Thompson, along with an original and a copy of the modification of mortgage, was hand delivered. The letter read: “As per our conversation of a few minutes ago, you will find herewith enclosed an original and one copy of the Modification of Mortgage for your review.” This modification of mortgage was subsequently executed on May 2, 1978, and recorded on May 4, 1978.
The modification contained the following recitals:
WHEREAS, on October 27, 1972, the parties hereto upon the execution of the MORTGAGE had intended said MORTGAGE to grant to Mortgagee a first lien on all lands in Manatee County, Florida, then held, owned or possessed by Mortgagor, or in which Mortgagor then had any interest by virtue of any contracts to purchase lands in Manatee County, Florida, and also on all lands in Manatee County, Florida, thereafter acquired or purchased by Mortgagor at any time and by any means whatsoever; and

WHEREAS, funds disbursed to Mortgagor by Mortgagee under the MORTGAGE were required under the terms of the Loan Agreement referred to in paragraph 11 of the MORTGAGE to be used and in fact were used to either pay the cash downpayment on the purchase of the lands encumbered by the MORTGAGE as clarified and modified by this instrument or to pay off then existing purchase money mortgages encumbering said lands; and
WHEREAS, the parties hereto are mutually desirous of modifying the MORTGAGE further in order to clarify the legal descriptions of the lands encumbered by the MORTGAGE due to certain unintended and inadvertent scrivener’s errors that occurred in the language of the MORTGAGE and due to the fact that the deeds recorded in the Public Records of Manatee County, Florida, conveying the lands encumbered by the MORTGAGE to Mortgagor contain legal descriptions which have language that varies from the language of the legal descriptions in the MORTGAGE although *548 the lands described in the deeds are the same lands described in the MORTGAGE and in order to confirm that the lands described in Exhibit “A” attached hereto were included in the MORTGAGE as of October 27, 1972, and also in order to clarify the rights Mortgagee will have when it pays any ad valorem taxes and assessments on the lands encumbered by the MORTGAGE or redeems any tax certificates issued with respect thereto;

Appellee Carter Parry testified that Thompson asked him to draft a mortgage from Skyway to appellee. Thompson testified that the mortgage was intended as security for attorney’s fees for past services. This mortgage was executed and recorded on May 2, 1978. Tucker testified that Thompson never told him that appellee was going to obtain a mortgage. Parry testified that at the time he prepared appel-lee’s mortgage, he knew that appellant claimed that its mortgage covered all of Skyway’s property. Parry had also reviewed appellant’s modification of mortgage, including the specific recital that appellant was intended to have, by virtue of its 1972 mortgage, a first lien over all of Skyway’s property.
The recording statute, section 695.01(1), provides:
No conveyance, transfer or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; ....
If appellee had prior knowledge of the contents of the modification of mortgage to be executed on May 2, 1978, appel-lee is not entitled to lien priority over appellant’s lien. However, the trial court refused to consider the testimony that would prove that appellee had this notice. This was error.
Appellee’s position was that appellant’s 1972 mortgage contained errors in the legal description so as to be insufficient to operate as constructive notice of its claim. However, appellee through its member attorney Thompson was on actual or implied notice that appellee had or claimed a lien on all of Skyway’s property in Manatee County or all the Skyway property included in the Planned Unit Development (PUD). Appel-lee claimed priority on a portion of the PUD zoned property.
Thompson admitted receiving the modification of mortgage and further admitted that, had he read it, he would have been put on notice that appellee could not claim priority over appellant’s interest.
“[O]ne who has either actual or constructive information and notice sufficient to put him on inquiry ... and . . . fails to inquire and to learn that which he might reasonably be expected to learn upon making such inquiry .. . must suffer the consequence of his neglect.” Sickler v. Melbourne State Bank, 118 Fla. 468, 159 So. 678 at 679 (1935).
Any defect in the description in appellant’s original mortgage was a scrivener’s error and a mutual mistake of appellant and Skyway. Consequently, Skyway and appellant properly corrected the possibly ambiguous legal description in the original mortgage. See Herring v. Fitts, 43 Fla. 54, 30 So. 804 (1901); Gennaro v. Leeper, 313 So.2d 70 (Fla. 2d DCA 1975).
When parties to a mortgage properly correct a defective legal description in the mortgage, the correction relates to the date of the execution of the original document as to creditors at large (as opposed to judgment creditors). Smith v. Pattishall, 127 Fla. 474, 129 Fla. 498, 176 So. 568 (1937). Appellee here was merely a creditor at large at the time its mortgage was recorded.
Appellee’s mortgage is further not entitled to priority under the recording statute because it was to secure payment for legal fees incurred by Skyway prior to execution of that mortgage. A mortgagee who accepts a mortgage given as security for an antecedent debt is not a purchaser *549 for value within the meaning of the recording statute. Gabel v. Drewrys Ltd., U.S.A., 68 So.2d 372 (Fla.1953).
To sum up, the trial court was correct in ruling that appellee was not a bona fide purchaser for value but, having made that ruling, erred in failing to then enter judgment in favor of appellant. Moreover, even if appellee had qualified as a “subsequent purchaser for a valuable consideration” within the meaning of section 695.01(1), ap-pellee was not “without notice” as required by the statute. Appellant met its burden of establishing that appellee’s mortgage was not entitled to priority over appellant’s amended mortgage and was therefore entitled to prevail against appellee.
In view of our disposition of the above issue, we do not address the other point raised by appellant.
Accordingly, the final judgment in favor of appellee is REVERSED and the cause REMANDED with directions to enter final judgment in favor of appellant.
GRIMES and DANAHY, JJ., concur.