ON MOTION FOR CLARIFICATION
POLEN, Judge.
We grant in part the appellee’s motion for clarification, withdraw our opinion issued on March 7, 1990, and substitute the following opinion.
This action, involving a declaratory judgment as to the parties’ lien priority rights, was initiated by Whitice Bonding Agency (Whitice), a mortgage lien holder, as a fore *756 closure action against Levitz, the owner of two contiguous pieces of property (lot 54 and the “minor parcel”). The other party involved is First Union Bank (First Union), a creditor with a judgment lien against Levitz’s lot 54 property. The trial court granted a summary judgment against Whi-tice, holding First Union’s lien was superior and that Whitice’s purported mortgage and subsequent corrected mortgage were a nullity. Levitz is not involved in this appeal. We affirm in part and reverse and remand in part.
The initial Whitice-Levitz mortgage was properly executed and recorded. An amended Whitice-Levitz mortgage, affecting the property description, was recorded subsequent to First Union’s recordation of lien. At issue was whether the initial Whi-tice-Levitz mortgage encumbered both lots. The trial court found the legal description of the initial mortgage only encumbered the “minor parcel.” The corrected mortgage extended the encumbrance to include lot 54. The trial court further concluded that because both mortgages were intended to secure repayment of future advances made by Whitice to Levitz, none of which had been thus far made, the mortgages were null and void.
We agree that whether the parties so intended, the initial mortgage encumbered only the “minor parcel.” After a recitation of the metes and bounds, it ended with the phrase “containing 939 square feet, more or less.” Clearly, this could not be the larger, residential lot (lot 54). The corrected mortgage expanded the coverage to include lot 54. As a general rule, when parties to a mortgage properly correct a defective legal description in a mortgage, the correction relates back to the initial execution date of the mortgage as to creditors at large. Great American Management and Investment v. Fowler, White, Gillen, Boggs, Villareal & Banker, 430 So.2d 545 (Fla. 2d DCA 1983). However, an exception is made to this rule for bona fide purchasers without notice and those standing in similar relations. The lien of a judgment creditor stands upon the precise footing of that of a purchaser in good faith, as against a mortgage with an incorrect description. Smith v. Pattishall, 176 So. 568, 572 (1937); accord, 430 So.2d at 548. First Union had no notice of a Whitice’s “intended lien” against Lot 54. Therefore, the corrected mortgage providing notice of the encumbrance of lot 54 could not relate back and make Whitice’s lien on lot 54 superior to that of First Union. We affirm the trial court’s finding that First Union’s lien is superior as to lot 54.
We agree with the trial court’s conclusion that the initial mortgage and the corrected version were meant to secure future advances and did not secure the alleged pre-existing indebtedness of $190,-000. However, we disagree with the trial court’s finding that the initial mortgage and corrected version were nullities. A mortgage given to secure future advances is considered a valid instrument encumbering the collateral and creating a lien. § 697.04(l)(a), Fla.Stat. (1987). The initial mortgage secured a debt, based on mutual promises, until the advance was made, in a zero amount. This mortgage, however, only covered the “minor parcel” clearly described in the initial mortgage. Pursuant to the statute, any advances made to Levitz would relate back to the date of execution of the initial mortgage and retain priority rights. Once the corrected mortgage was recorded, it related back to the initial mortgage. At that point, both lot 54 and the “minor parcel” became encumbered and any advances made under the mortgages would affect the priority rights of other creditors.
Although a loan of zero dollars is somewhat illusory, and since Whitice was instituting suit to foreclose, it is doubtful that any future advances would be made, it was error for the trial court to nullify the mortgages and rights as between Whitice and Levitz. We therefore, reverse as to the trial court’s finding declaring the Whitice mortgages nullities and the finding that First Union’s lien took priority over Whi-tice’s lien as to the “minor parcel.”
*757 Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED,
DELL and WALDEN, JJ., concur.