PER CURIAM.
Pepe Coin Laundries, Inc., plaintiff below, appeals from a summary final judgment in favor of appellee Catovest International, Inc., in which the trial court held that Catovest did not have any notice of a lease prior to purchasing the building where Pepe Coin Laundries’ machines were located. We affirm.
Section 695.01(1), Florida Statutes (2000), states: “No ... lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law.” It is uncontested that the lease in this case was not recorded and Catovest did not have actual notice of the existence of a laundry space lease.
*948 Pepe Coin Laundries argues that Catovest had implied notice of the lease. “In order to charge a person with notice of information which might have been learned by inquiry, the circumstances must be such as should reasonably suggest inquiry.” Rafkind v. Beer, 426 So.2d 1097, 1099 (Fla. 3d DCA 1983). We agree with the trial court that the presence of one washer and dryer, with a small sign stating whom to call for repairs, is not enough to impute implied notice of a lease to Cato-vest.