TORPY, J.
 

 Appellant challenges the summary judgment that declared Appellee’s mortgage superior in priority to Appellant’s first-recorded mortgage because of a scrivener’s error in the legal description in Appellant’s mortgage. Concluding that Appellant’s mortgage was sufficient to place Appellee on constructive notice of Appellant’s superior mortgage, we reverse the summary judgment.
 

 The mortgage in favor of Appellant correctly named the property owner, correctly identified the lots and the subdivision’s name, Crystal Lake Park, and correctly identified the plat book in which the plat was recorded. However, it misidentified the page number within the plat book as page three instead of page eight. In fact, page three of the same plat book contained the plat for East Colonial Heights subdivision, not Crystal Lake Park.
 

 Appellant filed a mortgage foreclosure complaint, alleging that the owner defaulted on its promissory note by failing to make the payments. It joined Appellee as a defendant. Appellee filed her answer and affirmative defenses, alleging,
 
 inter alia,
 
 that her interest was superior to Appellant’s because Appellant’s mortgage improperly described the property as “Lots 12 and 13 in Plat Book J, Page 3,” rather than the appropriate description “Lots 12 and 13 in Plat Book J, Page 8.” (Emphasis supplied.) Appellee claimed that, as a result of Appellant’s error, she did not have actual or constructive notice of its mortgage. On cross motions for summary judgment, the trial court agreed with Ap-pellee and ordered that the foreclosure proceed with Appellant in the subordinate position.
 

 Appellant urges that the minor omission here does not defeat its claim that Appel-lee was on constructive notice of its superi- or interest in the property. It cites several cases in support of its position, two of which we find particularly compelling.
 
 Sickler v. Melbourne State Bank,
 
 118 Fla. 468, 159 So. 678 (1935);
 
 Merrell v. Ridgely,
 
 62 Fla. 546, 57 So. 352 (1912). Appellee does not address either case. Based on these authorities, we reverse the summary judgment and direct the trial court to enter summary judgment for Appellant declaring that its position is superior to that of Appellee.
 

 REVERSED AND REMANDED.
 

 MONACO, C.J. and JACOBUS, J., concur.