SWANN, Judge.
The defendant, Charles E. Sorensen, appeals from an adverse final judgment rendered upon a $17,772.73 jury verdict.
He asserts that reversible error was committed in the trial court’s failure to direct a verdict for him and in the court’s failure to rule that the plaintiff’s claim was barred by the Statute of Frauds. We disagree.
An examination of the record reveals sufficient conflict of evidence to affirm the judgment of the trial court in denying the defendant’s several motions for a directed verdict. See City of Hialeah v. Revels, Fla.App.1960, 123 So.2d 400.
The defendant never raised the Statute of Frauds as an affirmative defense in his answer. See Rule 1.110, Florida Rules of Civil Procedure, 30 F.S.A. By failing to properly plead this affirmative defense, the defendant waived his right to raise it. Gordon Internat’l Adv. v. Charlotte County L. & T. Co., Fla.App.1965, 170 So.2d 59; Fink v. Powsner, Fla.App.1959, 108 So.2d 324.
The appellant has argued that he was without knowledge of the facts of the claim asserted against him until after the close of the plaintiff’s case in chief, at which time he first attempted to raise the applicability of the Statute of Frauds.
The record reflects that the complaint and exhibit attached thereto, together with the various pre-trial discovery proceedings, did properly notify the defendant of the subject matter of his claim. The opening statement of his attorney also indicates knowledge of the fact that the plaintiff claimed he had entered into a contract with the defendant for some sort of services to be rendered.
Accordingly, the final judgment is hereby
Affirmed.