258 So.2d 335 (1972)
RICHARD BERTRAM & CO., a Florida Corporation, Appellant,
v.
AMERICAN MARINE, LTD., a Hong Kong Corporation, et al., Appellees.
No. 71-1154.
District Court of Appeal of Florida, Third District.
February 15, 1972.
*336 Dixon, Dixon, Lane & Mitchell, Miami, for appellant.
Freeman, Richardson, Watson, Slade & McCarthy, Jacksonville, for appellees.
Before PEARSON, HENDRY and BARKDULL, JJ.
PEARSON, Judge.
The plaintiff Richard Bertram & Co., a Florida corporation, appeals an order granting the motion of appellee American Marine, Ltd., a Hong Kong corporation, dismissing it from the cause upon the ground that the defendant American Marine, Ltd. is a foreign corporation which did not do business in the State of Florida and that therefore service of summons had not been effectively made pursuant to F.S.A. § 48.181. We hold that the affidavits on file are sufficient to demonstrate that the appellee American Marine, Ltd. was doing business in the State of Florida and that the attempted service of process upon American Marine, Ltd. pursuant to F.S.A. § 48.181 was sufficient.
In support of the contention that American Marine, Ltd. was in fact engaging in business within the State of Florida, counsel for Richard Bertram & Co. filed the detailed affidavit of J. Robert Carter, Executive Vice President for Richard Bertram & Co., together with numerous exhibits identified by Mr. Carter and attached thereto. Mr. Carter's affidavit stated the existence of an exclusive sales and service agreement entered into between the parties in May, 1965, in Dade County, Florida; identified advertisements appearing in national and local magazines holding out Richard Bertram & Co. as dealer for American Marine, Ltd.'s products (and paid for in whole or in part by American Marine, Ltd.); confirmed sales of American Marine, Ltd.'s products to the Florida public at large by Bertram Yacht Sales, Inc., as well as the performance of certain warranty repairs by Bertram Yacht Sales in accordance with the procedures established by American Marine, Ltd. Mr. Carter's affidavit also stated that, for purposes of furthering the business of American Marine, Ltd., representatives of American Marine, Ltd., had on occasion made trips to the State of Florida, and more particularly to Dade County, and had in fact exercised direct control over Bertram Yacht Sales, Inc., with respect to the manner of conducting retail sales, sales promotion, training of salesmen, handling of warranty claims on American Marine, Ltd.'s products, furnishing of inventory reports by Bertram Yacht Sales, Inc., and accounting procedures followed relative to inventory purchased by Bertram Yacht Sales, Inc. from American Marine, Ltd.
American Marine, Ltd. countered with the affidavit of Mr. W.G. Newton, Managing Director of American Marine, Ltd. In his affidavit, Mr. Newton set forth that American Marine, Ltd. was not qualified to transact business in the State of Florida and maintained no office, agents, employees, bank accounts, books or records, etc., within the State of Florida. Mr. Newton confirmed that the plaintiff was a dealer for boats and marine equipment manufactured by American Marine, Ltd. and that Bertram Yacht Sales, Inc., in this capacity, had sold and serviced American Marine, Ltd.'s product. However, Mr. Newton denied that Richard Bertram & Co. had authority to act for American Marine, Ltd. or ever carried on any business for American Marine, Ltd. Mr. Newton also denied the exercise of any control over Richard Bertram & Co. (other than the power to withdraw the privilege of selling American Marine, Ltd.'s products to Richard Bertram & Co.) as well as direct retail sales to customers within the State of Florida or utilization of brokers, jobbers, wholesalers, etc., in connection with the marketing of this product within the State of Florida.
*337 A review of the allegations of the affidavits leaves outstanding five uncontroverted matters, the sum total of which leads us to the conclusion that the appellee was doing business in the State of Florida within the meaning of the minimum contracts rule as announced in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and the Florida cases interpreting our own statute (F.S.A. § 48.181) in the light of that decision. E.g. State ex rel. Guardian Credit Indemnity Corp. v. Harrison, Fla. 1954, 74 So.2d 371; DeVaney v. Rumsch, Fla. 1969, 228 So.2d 904; Lake Erie Chemical Company v. Stinson, Fla.App. 1965, 181 So.2d 587; Hubsch Mfg. Co. v. Freeway Washer & Stamping Co., Fla.App. 1967, 205 So.2d 337. These undisputed allegations are:
1. The dealership agreement whereby Richard Bertram & Co. was to sell and service the products of American Marine, Ltd. was entered into within the State of Florida.
2. That American Marine, Ltd. advertised to the public at large in both national and Florida periodicals that Richard Bertram & Co. was a dealer for its products; that a portion of the cost for such advertisements, national and/or local, was charged by American Marine, Ltd. to Richard Bertram & Co.
3. That representatives of American Marine, Ltd. did on occasion make trips to the State of Florida in furtherance of the business of American Marine, Ltd.
4. That American Marine, Ltd. sought to train and qualify the salesmen of Richard Bertram & Co. who sold American Marine, Ltd.'s products.
5. That American Marine, Ltd. required the furnishing of inventory reports to it by Bertram Yacht Sales, Inc.
Appellee relies upon the opinion of the Supreme Court of Florida in Young, Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903 for a holding that manufacture of personal property for distribution in the State of Florida is not of itself sufficient to hold that the manufacturer is doing business in this state. We think this holding is not conclusive in the instant case because the concurrence of the five undisputed allegations listed above goes far beyond the facts in the Young, Spring & Wire Corp. case. Compare with Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 332 F.2d 135 (5th Cir.1964).
The order dismissing American Marine, Ltd., a Hong Kong corporation, from this cause is reversed as is that portion of the order which quashed service of process pursuant to F.S.A. § 48.181, and the cause is remanded with directions to enter an order denying the motion to dismiss and sustaining the service pursuant to statute.
Reversed and remanded.