PEARSON, Judge.
This interlocutory appeal is from an order denying appellant Compuguide Corporation’s motion to dismiss on the ground that attempted service of process under F. S.A. § 48.181 was not effective. The controlling question of fact was whether appellant had engaged in or carried on a business or business venture in this state. We reverse.
The trial judge’s decision on the question of fact carries with it a presumption of correctness. DeVaney v. Rumsch, Fla. 1969, 228 So.2d 904. Upon appeal this court must determine whether the eviden-tiary matters before the trial judge support the determination made in the trial court. Appellant contends that the facts before the trial court affirmatively show that ap-pellee has not carried its burden of showing facts which would make the appellant amenable to process under F.S.A. § 48.181, Zirin v. Charles Pfizer & Co., Fla.1961, 128 So.2d 594. A restatement of all the evidentiary material before the trial court would unduly lengthen this opinion. Briefly stated, in the light most favorable to the trial court, the facts that we think are controlling are as follows: (1) the suit was for specific performance against a foreign corporation to require the purchase of all the stock of a Florida corporation in which the appellees are the stockholders; (2) the contract to purchase, by an exchange of stock, was negotiated partly in Florida and partly in New Jersey; (3) the written contract to purchase was made when all parties were present in New Jersey; (4) the contract included an agreement of the New Jersey Corporation to employ two of the appellees; (5) the anticipated closing of the sale in Florida was never held; (6) appellants employed attorneys and accountants in Florida preparatory to the closing; (7) the president of the New Jersey corporation ordered some of the Florida corporation’s products on behalf of a separate corporate entity; (8) the president of the New Jersey corporation recommended that the Florida corporation participate in a Housewares Trade Fair in Chicago.
We hold that a contract to purchase all of the stock of a Florida corporation is not sufficient in itself to support a finding that a foreign corporation is doing business in this state, when the contract is not entered into or executed in the State of Florida. Cf. Uible v. Landstreet, 392 F.2d 467 (5th Cir. 1968). The acts of the president of appellant corporation subsequent to the signing of the contract to purchase did not amount to the appointment of agents in *515 this state nor did they amount to an exercise of control over the business. In this respect, as well as in the place of the signing of the contract, the present appeal is distinguished from Richard Bertram & Co. v. American Marine, Ltd., Fla.App. 1972, 258 So.2d 335. In this instance, we believe that the holdings in Kastan v. Kastan, Fla. App. 1969, 222 So.2d 55; and Toffel v. Baugher, Fla.App.1960, 125 So.2d 321, require reversal.
The order denying appellant’s motion to dismiss is reversed and the cause is remanded with directions to enter an order quashing the attempted service of process upon the appellant.
Reversed and remanded.