PER CURIAM.
The appellants are Sonnenblick-Goldman of Miami Corp., a Florida corporation, and Sonnenblick-Goldman Corp., a New York corporation. Each has filed an appeal from a final judgment based upon a jury verdict which awarded a judgment to the plaintiff-appellee against both defendants in the amount of $138,000. The appeals have been consolidated for all appellate purposes.
Sonnenblick-Goldman Corp. is a New York corporation licensed by and engaged in the State of New York in the mortgage brokerage business. It earns its primary income by placing construction and long-term loans. In several major cities, it has organized separate corporations for which it has authorized the use of the appellation Sonnenblick-Goldman in the corporate name. -Such a corporation was organized in Miami, Florida under the name Sonnen-blick-Goldman of Miami Corporation after the plaintiff-appellee was interviewed and hired by an officer of the New York corporation for that purpose. In its advertising, the New York corporation referred to the Miami corporation as the New York corporation’s “branch” office. Through business brought to the New York corporation by the -Florida corporation, the New York corporation was able to substantially increase its volume of loans. The New York corporation received a percentage of the business transacted by the Florida corporation.
The appellee sued the two corporations and alleged that he was hired by both corporations to serve in their mortgage brokerage business. The New York corporation filed a motion to dismiss claiming that service upon it was insufficient inasmuch as it was not doing business in the State of Florida. The trial court issued an order denying the motion to quash service of process. Then the New York corporation filed its answer, and the case was tried and judgment was entered for the plaintiff-appellee.
The New York corporation has presented six points for our review, while the Florida corporation has presented but one. The Florida corporation’s point is also argued in the New York corporation’s briefs. Although we shall consider the argument of both corporations, we will follow the numerical order of the points as presented in the New York corporation’s brief.
The first point presented by the New York corporation urges that the trial court erred in failing to grant the New York corporation’s motion to dismiss on the ground that it was not doing business in the State of Florida. We think that the evidence before the trial court was sufficient to sustain appellee’s allegation that the New York corporation was doing business in the State of Florida. See Richard Bertram & Co. v. American Marine, Ltd., Fla.App.1972, 258 So.2d 335; Fashion Two Twenty, Inc. v. Ralph and Reba, Inc., Fla.App.1971, 254 So.2d 49.
The second point urges that the trial court erred in not providing a full ev-identiary hearing when the appellant moved to quash service of process. A reading of the record does not indicate that the appellant requested a full eviden-tiary hearing, and the evidence submitted *50 during trial further emphasized the accuracy of the trial court’s ruling on the affidavits and exhibits which were before it when it denied appellant’s motion. Richard Bertram & Co. v. American Marine, Ltd., supra.
In its third point, the appellant urges that the trial court erred in refusing to allow a post-trial amendment to the pleadings that would present a new defense. The defense which the appellant wished to present was based on the New York Statute of Frauds, General Obligations Law, § 5—701, subd. 10, McKinney’s Consol.Laws, c. 24-A, which presumably invalidates oral contracts for brokerage commissions. Although the New York statute was not pleaded or introduced into evidence at the trial, the appellant urged that a defense alleging the illegality of ap-pellee’s contract with the appellant should have been determined under this New York statute rather than under Florida law. The jury verdict was returned on May 20, 1971, and post-trial motions were filed by May 28, 1971. However, it was not until August 20, 1971, three months after the jury returned its verdict, that the appellant first raised the issue of the New York statute, and filed its motion for leave to allow amendment to conform to evidence. When an affirmative defense, such as the statute of frauds, is not raised by answer, it is waived. Rule 1.110(d), R.C. P., 30 F.S.A. See Sorensen v. Eshelman, Fla.App.1967, 202 So.2d 597. We also note that Fla.Stat. § 92.031(4), F.S.A., requires reasonable notice of intention to rely upon foreign law.
The appellant New York corporation’s fourth point urges that the appellee was barred from recovery because the ap-pellee was not a licensed mortgage broker during part of the time that his commissions were earned. The appellee cites two Florida statutes to support his contention. First, Fla.Stat. § 494.04(1), F.S.A., states:
“No person shall act as a mortgage broker or mortgage solicitor without a license therefor as provided in this act.”
Secondly, Fla.Stat. § 494.08(5) (a), F.S.A., more specifically provides:
“No unlicensed person shall charge or receive any commission, bonus or fee in connection with arranging for, negotiating, selling, or purchasing a mortgage loan.”
An examination of the record reveals that the New York corporation did not raise the affirmative defense of illegality in connection with appellee’s lack of a brokerage license. Rule 1.110(d), R.C.P., F.S.A. See Tiseo v. Arnold, Fla.App.1970, 237 So.2d 21. Furthermore, since the broker’s license issue was not raised at the pre-trial conference, the trial court properly excluded evidence on this issue at trial. See Vaughn v. Smith, Fla.1957, 96 So.2d 143.
The fifth point is a catchall point in which appellants attempt to argue several grounds for a new trial. We have examined the record and find that none of the grounds present reversible error.
The sixth point, which is strongly urged by both the New York and Florida appellants, questions the sufficiency of the evidence to support the amount of the verdict. Basically, appellants’ argument is that all the evidence on which the jury could have based its verdict as to the amount of the commissions only established the amount which appellee thought appellants were entitled to collect, and not the actual amount appellants collected. Our examination of the record convinces us that the evidence was sufficient. In the case of each commission, the plaintiff testified as to the amount actually paid. On cross-examination, his knowledge of the figures was questioned, but never disproved. Under these circumstances, no error has been demonstrated.
Affirmed.