PER CURIAM.
S. A. Rizzo, W. George Kennedy and K & R Sod Company, defendants in the trial court, appeal from an adverse final judgment following a non-jury trial in a suit brought by Robert C. Schwebke against defendants on three of four promissory notes. The defendants counterclaimed against plaintiff for return of principal and interest which defendants paid when due to plaintiff on the first of the four promissory notes.
Defendants’ sole point on appeal is that the notes were invalid and unenforceable because the notes were obtained from defendants as a real estate commission by plaintiff while he was acting as a real estate broker without a license in violation of Chapter 475, Florida Statutes. The pertinent portions of Chapter 475 which concern us here relate to the definition of a real estate broker and exceptions thereto, and the requirement that in order for a contract for commission or compensation for the sale of property to be valid, a broker or salesman must be registered.[1]
The trial judge in entering judgment for plaintiff against the defendants made the following findings of fact and conclusions of law:
“1. The Plaintiff and the Defendants, S. A. RIZZO and W. GEORGE KENNEDY, entered into an Agreement whereby it was agreed that the parties would attempt to acquire a parcel of land referred to as Naranja Lakes and if successful in acquiring such land to develop it. It was agreed that the Plaintiff would be a participant in the project and that his interest would be ten percent.
*1182 2. Proposed Contracts were submitted to the owner of the land, such Contracts being submitted with the name of KENNEDY or assigns as the purchaser. An offer of $1,350,000.00 was accepted by the seller and a Contract was entered into on June 8,1970 between the seller and KENNEDY or assigns as the purchaser. This Contract was signed by KENNEDY and specifically provided therein that there was no broker.
3. The purchase of the land was closed in October, 1970 and title was taken in the name of K & R SOD COMPANY, the sole stockholders of such corporation being RIZZO and KENNEDY.
4. After the closing the Plaintiff continued to be active in the project in connection with matters concerning zoning and the development of the project. Subsequently it was agreed between the Plaintiff and the Defendants, S. A. RIZZO and W. GEORGE KENNEDY, that the Plaintiff would withdraw from the project and that he would be paid the sum of $67,-500.00 for his interest. The Plaintiff agreed to accept Notes for such sum rather than cash.
5. On March 31, 1971 the Defendants, RIZZO and KENNEDY and K & R SOD COMPANY, executed and delivered to Plaintiff four Promissory Notes, three of which were for $17,500.00 payable January 15, 1972, January 15, 1973, January 15, 1974 and one Note for $15,000.00 payable January 15, 1975.
6. The Note due January 15, 1972 was paid when due. When the second Note came due on January 15, 1973 it was not paid. The Defendant, KENNEDY, informed the Plaintiff that none of the other Notes would be paid because the Defendants were unhappy with the testimony which the Plaintiff had given in another case which had been brought against the Defendants for a real estate commission.
7. The Defendants raise as a defense in this action that the Notes jvere given as payment of a real estate commission and that Plaintiff was not a registered real estate broker and therefore the Notes are illegal and void under Florida Statute Section 475.41. However, the Defendant, KENNEDY, testified in another case that no commission had been paid to Plaintiff. Further, all proposed Contracts and the actual Contract of sale were signed by KENNEDY and specifically recited that there was no broker.
8.The Court specifically finds that the Notes involved in this suit were not payment of a real estate commission.
* * # * * #
IT IS THEREUPON, ordered and adjudged,
1. That the Plaintiff, ROBERT C. SCHWEBKE, have and recover from the Defendants, S. A. RIZZO, W. GEORGE KENNEDY and R & K SOD COMPANY, jointly and severally .
2. That the Plaintiff is entitled to recover his costs from the Defendants which costs shall be taxed upon Motion.
3. That the Defendants take nothing by their Counter-claim and go hence without day.”
We find from the record that there is substantial competent evidence to support the findings of fact of, and conclusions of law by, the trial judge. Therefore, the judgment will not be disturbed on this appellate review. City of Miami Beach v. Fein, 263 So.2d 258 (Fla.3d DCA 1975); Courshon v. Fontainebleau Hotel Corporation, 307 So.2d 901 (Fla.3d DCA 1975), and cases cited therein.
Affirmed.

. Section 475.01(2), Florida Statutes, provides in pertinent part:
“Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor . . . sell . . . or offer, attempt or agree to . . . the sale ... of any real property or any interest in or concerning the same, including mineral rights or leases; or who shall advertise or hold out to the public by any oral or printed solicitation or representation that such person is engaged in the business of selling . real estate, or interests therein . of others; and every person who shall take part in the procuring of sellers [or] purchasers . of the real property ... of another; or who shall direct or assist in the procuring of prospects, or the negotiation or closing of any transaction which does, or is calculated to, result in a sale . thereof, and who shall receive, expect, or be promised any compensation or valuable consideration, directly or indirectly therefor; and all persons who are members of partnerships or officers or directors of corporations engaged in performing any of the aforesaid acts or services; each and every such person shall be deemed and held to be a “real estate broker” or a “real estate salesman,” as hereinafter classified . . the term broker or salesman [shall not] .be applied to a person who shall deal with property in which he is a part owner, unless said person shall receive a larger share of the profits of proceeds from the transaction than his proportional investment therein would otherwise justify, such excess share being directly or indirectly the result of the service of buying [or] selling . . said property ...”
Section 475.41, Florida Statutes, provides:
“No contract for a commission or compensation for any act or service enumerated in subsection (2) of 475.01 shall be valid unless the broker or salesman shall have complied with this chapter in regard to registration and renewal of the certificate at the time the act or service was performed.”