**SOUTHEAST GROWERS, Inc. v. DESIGNED FACILITIES, Inc., et al.**

No. 79-395 CCP.

County Court, Broward County.

May 11, 1979.

[black redacted boxes]

Frank S. Bartolone, of Tylander, deClaire & Van Kleeck, Boca Raton, for the plaintiff.

M. Ross Shulmister of Josias & Shulmister, Fort Lauderdale, for the defendant.

ROBERT LANCE ANDREWS, County Court Judge.

*Summary judgment:* Plaintiff is a materialman, Newbold was a subcontractor, and Designed Facilities was a contractor on a construction project. The subcontractor purchased materials from the materialman and paid with a check drawn on insufficient funds. The contractor allegedly made oral representations that he would pay the materialman if the subcontractor did not; the contractor denies oral or written representations. The materialman also sent a notice to owner under the Mechanics Lien Law, but failed to file a claim of lien.

The materialman brought suit against the subcontractor for goods sold and delivered and on the dishonored check, and against the contractor on the alleged oral promise of guaranty. The subcontractor has not been served. The contractor answered, raising the Statute of Frauds, lack of jurisdiction on any issue under the

Mechanics Lien Law, and counterclaiming for attorney's fees under Florida Statute §57.105. The materialman moved to strike the counterclaim, affidavits were filed, and a hearing ensued.

The only issue of fact raised by the affidavits is whether or not there was an oral representation that the contractor would pay the materialman if the subcontractor did not.

The mere serving of a notice to owner under the Mechanics Lien Law does not create any contractual rights or obligations between the parties, Fla. Stat. §713.06(2)(a).

The fact that a notice to owner was served therefore has no materiality in county court, because this court has no jurisdiction of matters under the Mechanics Lien Law. *Mills v. Robert W. Gottfried, Inc.*, 272 So. 2d 837, 838 (Fla. 4th DCA 1973).

Florida adheres to the strict application of the Statute of Frauds. *Ostman v. Lawn*, 305 So. 2d 871, 872 (Fla. 3d DCA 1974). The contractor's promise to pay the obligation of the subcontractor is clearly a promise to pay the debt of another, and is therefore covered by the Statute of Frauds, Fla. Stat. §725.01 (1975). It must therefore be in writing, or it is unenforceable. The issue of whether or not there was an oral representation, while in issue, is immaterial. Thus, with respect to Count III (the only count applicable to the contractor), there is no genuine issue as to any material fact, and the contractor is entitled to judgment as a matter of law.

The next issue deals with what is sometimes referred to as the "frivolous action law," Fla. Stat. §57.105 (1978). While the court is somewhat troubled with the constitutionality of this section as having a chilling effect on access to the courts, since the constitutionality is not raised as an issue, no decision upon the constitutionality is made.

The contractor counterclaimed for attorney's fees under §57.105 and the materialman moved to strike. It is this court's interpretation of that section that it is not the subject of a separate and independent cause of action (as would be malicious prosecution), and therefore not properly a counterclaim.

Under Rule 1.110(d), a mis-designated counterclaim shall be treated as if there was a proper designation. It is the court's opinion that some affirmative allegation is required to invoke §57.105, and an affirmative allegation (as an affirmative defense) is a proper method to do so. The court therefore declines to strike the counterclaim, but elects to treat it as an affirmative defense, and a claim for attorney's fees if the statute is applicable.

The mere granting of summary judgment does not entitle the successful party to attorney's fees under §57.105. The standards are different, one being "no genuine issue of any material fact" and the other being "a complete absence of justiciable issue of law or fact."

In this case, the defendant raised a valid affirmative defense. Had defense counsel not been so astute, there would have been a waiver and the plaintiff might have been able to proceed to judgment. *Langlois v. Oriole Land & Development Co.*, 283 So. 2d 143, 145 (Fla. 4th DCA 1973); *Sorenson v. Eshelman,* 202 So. 2d 597 (Fla. 3d DCA 1967).

It is therefore held that where a claim is asserted by plaintiff and defeated as a result of an affirmative defense raised by defendant, attorney's fees cannot be awarded to defendant under §57.105.

Accordingly, it is ordered and adjudged that summary judgment is granted to defendant, Designed Facilities, Inc. and that said defendant shall go forth without day, and without award of costs as said defendant has incurred no taxable costs, and without recovery of attorney's fees.

This judgment shall not affect Counts I and II as between plaintiff and defendant Newbold.