397 So.2d 366 (1981)
McDONNELL DOUGLAS and Industrial Indemnity Company, Appellants,
v.
Lucy HOLLIDAY, Appellee.
No. UU-128.
District Court of Appeal of Florida, First District.
April 14, 1981.
*367 Janet R. DeLaura, of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for appellants.
Douglas A. McDuff, Law Offices of Leland E. Stansell, Jr., P.A., Miami, for appellee.
PER CURIAM.
Employer/carrier appeal a workers' compensation order which found claimant to be temporarily totally disabled. We affirm in part and reverse in part.
The first point raised by appellants is whether the deputy commissioner erred in denying the employer/carrier's motion to disqualify the testimony of Dr. Priu on the ground he was an examining physician only. We find the record contains competent substantial evidence to support the deputy commissioner's finding that Dr. Priu was consulted for the purpose of treatment, not merely for an examination or for the purpose of qualifying the physician to testify. It is the duty of the trial court to determine the qualifications of an expert witness on the subject matter on which he testifies and the court's judgment will not be disturbed on appeal unless a clear abuse of discretion is shown. Vitale Fireworks Manufacturing Company, Inc. v. Marini, 314 So.2d 176 (Fla. 1st DCA 1975). No such showing has been made in the present case, and the order is accordingly affirmed as to this point.
The second point raised by appellants is whether the deputy commissioner erred in finding the claimant temporarily totally disabled. At the hearing before the deputy commissioner claimant testified that she had been meeting her financial needs with the assistance of her father and by caring for some neighborhood children in her home after school. Claimant testified she received approximately $275 a month from these two sources. The deputy commissioner made no reference to this income in his order finding claimant temporarily totally disabled. It is inappropriate as a matter of law to award temporary total disability benefits to a claimant who is capable of performing some work. La Posada Convalescent Home, Inc. v. Hunter, 8 FCR 222 (IRC Order 2-2431 August 22, 1973), cert. denied, 294 So.2d 653 (Fla. 1974). The award of temporary total disability benefits in the present case was improper as claimant acknowledged she was earning some income babysitting in her home.
We note that claimant is now deceased due to an unrelated medical problem. However, Section 440.25(5), Florida Statutes provides that an award of compensation for disability may be made after the death of an injured employee. Accordingly, the cause is reversed and remanded for determination of the temporary partial disability benefits which claimant would have been entitled to.
ERVIN, SHAW and WENTWORTH, JJ., concur.