PER CURIAM.
The individuals, McIntyre and Norman, entered into a business venture to acquire and develop a coal mining operation in the State of Tennessee. Pursuant to this agreement an interest in land was acquired in Tennessee. A limited partnership was formed which succeeded to certain of rights and responsibilities of McIntyre.
Thereafter the parties had a falling out and Norman commenced an action for damages for failure of the others to comply with their agreements. A jury verdict was returned in favor of the plaintiff. This appeal ensued.
The appellants have preserved four points as grounds for reversal, to wit: first, the *1297 trial court erred in denying motions for judgment on the pleadings and motion for summary judgment alleging illegality because of the failure of Norman to comply with Chapter 475, Fla.Stat., second, that the court erred in entering judgment for the plaintiff because “impossibility of performance” prevented the defendants from complying with the agreements, third, the court erred in denying the motion for directed verdict because of a lack of creditable evidence on the issue of damages and fourth, that the trial court erred in refusing to declare a mistrial because of the prejudicial comment by counsel for the plaintiff.
We disagree with the appellant and affirm. As to the alleged Chapter 475 violation, no affirmative defense raising illegality was ever pled. Dober v. Worrell, 401 So.2d 1322 (Fla.1981); Sonnenblick-Goldman of Miami, Corp. v. Feldman, 266 So.2d 48 (Fla. 3d DCA 1972). Further, it would be inapplicable in the instant situation because McIntyre and Norman were engaged in a joint venture. Rizzo v. Schwebke, 348 So.2d 1180 (Fla. 3d DCA 1977); Seijo v. Futura Realty, Inc., 269 So.2d 738 (Fla. 3d DCA 1972); Tiseo v. Arnold, 237 So.2d 21 (Fla. 2d DCA 1970); Compare, Section 475.011(2) Florida Statutes (1981). As to the impossibility of performance, this is also an affirmative defense which was never pled. Dober v. Worrell, supra; Sonnenblick-Goldman of Miami, Corp. v. Feldman, supra. As to the evidence presented as to the amount of damages, the plaintiff and another testified as to the loss sustained and we find no merit in this point. McDonnell Douglas v. Holliday, 397 So.2d 366 (Fla. 1st DCA 1981); Vitale Fireworks Manufacturing Co., Inc. v. Marini, 314 So.2d 176 (Fla. 1st DCA 1975). Finally, as to the last point, any prejudicial comment was'either not objected to or was induced by argument or questions advanced by defense counsel. Clay v. Thomas, 363 So.2d 588 (Fla. 4th DCA 1978); Leisure Group, Inc. v. Williams, 351 So.2d 374 (Fla. 2d DCA 1977).
Therefore for the reasons above stated, the final judgment on the jury verdict be and the same is hereby affirmed.