# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2576
Lower Tribunal No. 12-19409
_____

**Heartwood 2, LLC,**
Appellant,

vs.

**Shay Dori, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jennifer D. Bailey and Beatrice Butchko, Judges.

Greenberg Traurig, P.A., and Kimberly S. Mello (Tampa), Jonathan S. Tannen (Tampa), and Michele L. Stocker (Ft. Lauderdale), for appellant.

Neustein Law Group, P.A., and Nicole R. Moskowitz, for appellee Shay Dori.

Before SUAREZ, C.J., and ROTHENBERG and SALTER, JJ.

ROTHENBERG, J.

Heartwood 2, LLC ("Heartwood") appeals from a final judgment

involuntarily dismissing its claim for foreclosure without prejudice to allow Heartwood to assert its dismissed claim in a new action; dismissing without prejudice Heartwood's claim for reformation of a special warranty deed ("the deed"); and declining to retain jurisdiction over the reformation and foreclosure issues. Heartwood also appeals from an order denying its motion for rehearing or reconsideration. For the reasons that follow, we reverse and remand for entry of a final judgment of foreclosure consistent with this opinion.

## FACTS

On July 15, 2005, 1200 West Realty, LLC ("the grantor"), a Delaware limited liability company, executed the deed in favor of Shay Dori ("Mr. Dori"), which contains the following legal description and statement:

> Unit 918, Mirador 1200, a Condominium, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof, as recorded in **Official Records Book , Page ,** of the Public Records of Miami-Dade County.

> This Commitment will be endorsed at the time of the recordation of the Declaration of Condominium to complete the legal description.

(emphasis added). As is obvious, the specific recording information for the declaration of condominium was not included. In addition to this legal description and statement, the deed included Mr. Dori's address—"1200 West Ave. #918, Miami Beach, FL 33139."

On the same day that the deed was executed, Mr. Dori executed a purchase

2

money mortgage and a promissory note in favor of Meridian Residential Capital, LLC ("Meridian"). Unlike the deed, the legal description set forth in the mortgage included the recording information for the declaration of condominium—Book 23543, Page 3930.[1] Further, both the promissory note and the mortgage reflect that the property address is "1200 West Avenue #918, Miami Beach, Florida 33139," the same address that appears on the deed.

In May 2012, Wells Fargo Bank, N.A. ("Wells Fargo") filed a two-count complaint against Mr. Dori. In Count I, Wells Fargo sought to foreclose the mortgage executed by Mr. Dori in favor of Meridian, alleging in part that Wells Fargo was the current owner and holder of the note and mortgage, Mr. Dori owns the mortgaged property, and Mr. Dori defaulted under the terms of the promissory note and mortgage by failing to make the July 2011 payment and all subsequent

---

[1] The declaration of condominium for Mirador 1200 was recorded on July 6, 2005, approximately nine days prior to the execution of the deed from the grantor to Mr. Dori, the grantee. Based on the deed's reference to "[t]his Commitment," it appears that the preparer of the deed merely copied the legal description from the title commitment, which most likely included the statement that "[t]his Commitment will be endorsed at the time of the recordation of the Declaration of Condominium to complete the legal description." It is obvious that the omission in the deed of the specific recording information for the declaration of condominium and the inclusion of the language regarding "[t]his Commitment" was nothing more than a careless error. Rather than including the language regarding "[t]his Commitment," the preparer should have included the specific recording information for the declaration of condominium. This scrivener's error, however, did not appear in the mortgage, which most likely was prepared by Meridian, not the title company that prepared the deed.

payments. In Count II, Wells Fargo sought to reform the deed, alleging that the legal description omitted the specific recording information for the declaration of condominium, and that the omission was a "scrivener's error" that "resulted from a mutual mistake."

After the mortgage and note were allegedly assigned from Wells Fargo to Heartwood, Heartwood was substituted as the plaintiff. Thereafter, Mr. Dori filed an answer admitting that he owned the subject property, and he raised several affirmative defenses, such as lack of standing, but did not raise any affirmative defense relating to the alleged legal description in the deed.

On March 11, 2015, Heartwood filed an unopposed motion for leave to amend the complaint, asserting that the complaint failed to include a necessary party—the grantor of the deed. The following week, **even though Mr. Dori did not oppose Heartwood's motion for leave to amend**, the trial court denied Heartwood's motion because the case had been set for trial for the week of April 6, 2015, and the trial court's own concern that the late amendment would prejudice Mr. Dori.

On April 2, 2015, the trial court granted Mr. Dori's verified unopposed motion to continue the trial. On the following day, April 3, 2015, Heartwood filed a renewed motion for leave to amend its complaint, and in its renewed motion, Heartwood reminded the trial court that its previous motion for leave to amend was denied because the trial had already been scheduled. Mr. Dori did not file an objection to

4

the renewed motion. On May 6, 2015, over one month after Heartwood filed its renewed motion to amend its complaint, with no objection having been filed by Mr. Dori, and while Heartwood's renewed motion to amend the complaint was pending, the trial court reset the non-jury trial for a two-week period commencing on June 15, 2015. And then, only a few days after resetting the trial, and even though Heartwood's renewed motion to amend had been pending for over a month, the trial court denied Heartwood's renewed motion because the case had been set for the trial period commencing on June 15, 2015.

At the non-jury trial, Mr. Dori's counsel sought for the first time dismissal of the reformation count based on Heartwood's failure to join an indispensable party, the grantor, and because Heartwood had been precluded from amending its complaint to reform the deed, Mr. Dori's counsel argued that the foreclosure count should be dismissed because the deed failed to sufficiently identify the property due to the omission of the specific recording information regarding the declaration of condominium. In response, Heartwood's counsel argued that the omission of the recording information for the declaration of condominium in the deed was a scrivener's error, and that the grantor was not an indispensable party because the correction of the deed would affect neither the grantor's nor the grantee's (Mr. Dori) rights. He also argued that the omission in the deed did not render the title transferred to Mr. Dori void because, based on the information provided in the deed,

5

the property that was conveyed was ascertainable.

At trial, the trial court specifically found that the omission in the deed was "clearly a scrivener's error," and thereafter, when the trial court entered its final judgment, it found that Heartwood established standing, the pleadings sufficiently stated a claim and prayer for monetary relief, and Heartwood was entitled to the enforcement of the promissory note. As to the foreclosure claim and the reformation claim, the trial court ruled as follows:

> 3. [Heartwood's] claim for foreclosure of the mortgage is involuntarily dismissed without prejudice to filing a new action. The Court finds the Mortgage contains an insufficient legal description, as the deed by which Defendant Shay Dori took title, and to which legal interest to the mortgage purports to attach, fails to include a sufficient legal description. It simply [sic] includes the unit number, the name of the condominium, no book and page, and a street address. There is no legal description of the condominium property included in the deed. [Heartwood] sought to reform the deed but failed to join the grantor, 1200 West Realty, LLC, which is an indispensable party. As the grantor was not served in this case, the deed cannot be reformed and thereby preventing [Heartwood] from seeking enforcement of the Mortgage at his time.
>
> 4. As to Count II of [Heartwood's] Complaint for Reformation of Deed, the Count is dismissed without prejudice, due to [Heartwood's] failure to join the indispensable party 1200 West Realty LLC, the grantor of the deed by which the Borrower Shay Dori purportedly gained title.

The trial court declined to retain jurisdiction over the deed and foreclosure issues, and although Heartwood's pleadings did not seek monetary damages, the trial court entered a monetary judgment in favor of Heartwood and against Mr. Dori.

6

Following the entry of the final judgment, Heartwood filed a motion for rehearing or reconsideration, which was later denied by the trial court. Heartwood's appeal followed.

Heartwood contends that the trial court erred by dismissing its foreclosure claim. We agree.

## ANALYSIS

The dispositive issue on appeal is whether the mortgage in this case, which contained no defects whatsoever, created a valid enforceable lien that entitled Heartwood to a foreclosure judgment based on the evidence presented at trial. Mr. Dori's position at trial was that Heartwood could not foreclose on the property because the deed conveying the property to Mr. Dori failed to sufficiently identify the property because the deed omitted the recording information regarding the declaration of condominium.

**A. The trial court erred by dismissing the foreclosure claim based on an unpled affirmative defense**

We begin our analysis by specifically noting that Mr. Dori never pled the deed's purported deficiency as an affirmative defense. It is well-settled law in Florida that affirmative defenses not raised are waived. See Fla. R. Civ. P. 1.140(b) (providing that "[e]very defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading . . . [and] [a]ny ground not stated shall be deemed to be waived . . . ."); S. Mgmt. & Dev., L.P. v. Gardner, 992 So. 2d 919, 920

7

(Fla. 4th DCA 2008) (holding that affirmative defenses are waived if not pled); <u>Boca Golf View, Ltd. v. Hughes Hall, Inc.</u>, 843 So. 2d 992, 993 (Fla. 4th DCA 2003) (reversing the trial court's involuntary dismissal that was based on an unpled affirmative defense); <u>Sonnenblick-Goldman of Miami Corp. v. Feldman</u>, 266 So. 2d 48, 50 (Fla. 3d DCA 1972) ("When an affirmative defense . . . is not raised by answer, it is waived."). It also bears noting that Mr. Dori did not even attempt to respond to the arguments raised by Heartwood in its initial brief on this ground for reversal or defend the trial court's dismissal of Heartwood's mortgage foreclosure claim based on its reliance on Mr. Dori's unpled ground for dismissal of the foreclosure claim.

Because dismissal of Heartwood's foreclosure claim was based on the unpled, and thus waived, affirmative defense regarding an alleged deficiency in the deed conveying the subject property to Mr. Dori, the trial court erred by considering and relying on this defense in granting Mr. Dori's motion to dismiss the foreclosure count of Heartwood's complaint. Accordingly, reversal and entry of a foreclosure judgment in Heartwood's favor is warranted on this basis alone.

## B. **Reformation of the deed was not required to foreclose the subject mortgage**

Even if Mr. Dori had properly raised the alleged deficiency in the deed conveying the property to Mr. Dori, which he clearly did not do, reversal of the trial court's dismissal of Heartwood's foreclosure claim would still have been warranted.

8

That is because reformation of the deed was not necessary to foreclose the mortgage in this case. In fact, the reformation count was wholly irrelevant to Heartwood's foreclosure count.

Under Florida law, the lien of a mortgage encompasses the property described in the mortgage. See § 697.02, Fla. Stat. (2005). Thus, for a mortgage to create a valid lien, the mortgage must contain a sufficient description of the property to enable the parties to ascertain and locate the property affected by the lien. Sickler v. Melbourne State Bank, 159 So. 678, 679 (Fla. 1935).

There is no dispute that the mortgage in this case provided a complete legal description of the property. The description provided is as follows:

> Unit 918, Mirador 1200, a Condominium, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof, as recorded in the Official Records Book 23543, Page 3930, of the Public Records of Miami-Dade County, Florida.

In fact, Mr. Dori has never asserted that the mortgage was deficient or that the mortgage does not encumber the property. Thus, the mortgage constitutes a valid lien on the property under Florida law. See § 697.02 (providing that "[a] mortgage shall be held to be a specific lien on the property therein described").

Because the mortgage constitutes a valid lien on the property; there is no dispute that Mr. Dori received the loan funds and he defaulted; and Mr. Dori failed to allege a valid defense to foreclosure, Heartwood was entitled to a final judgment of foreclosure. The trial court therefore erred by dismissing Heartwood's

9

foreclosure claim and by entering a monetary judgment in favor of Heartwood and against Mr. Dori.

## C. **Other errors**

Although we conclude that reformation of the deed was not required to foreclose the mortgage in this case, reverse the trial court's dismissal of Heartwood's foreclosure claim, and remand for the entry of a final judgment foreclosing the mortgage, we also find that the trial court abused its discretion by denying Heartwood's renewed motion to amend its complaint to seek reformation. Although the trial court's first denial of Heartwood's unopposed motion to amend, filed three weeks before the scheduled trial date, may have withstood a challenge on appeal based on the trial court's discretion, the denial of Heartwood's renewed motion, filed one day after Mr. Dori obtained a continuance of the trial and without objection by Mr. Dori, was an abuse of discretion because the renewed motion to amend was filed: (1) immediately after the trial was continued; (2) prior to the setting of a new trial date; and (3) two and one-half months (ten weeks) prior to the new trial date. Furthermore, the renewed motion had been pending for several weeks prior to the trial court setting a new trial date, and the only excuse given by the trial court for denying the renewed motion was that a trial date had been scheduled.

Lastly, as Heartwood candidly admits in its initial brief: "[T]he trial court improperly *sua sponte* converted Heartwood's foreclosure claim into a claim for a

10

monetary judgment under the Note, even though no such claim had been pled." We agree, and therefore, on remand, the trial court is instructed to enter a final judgment of foreclosure that does not include a monetary judgment against Mr. Dori.

## CONCLUSION

Although we have identified several errors, we reverse the final judgment involuntarily dismissing Heartwood's foreclosure claim and remand for entry of a final judgment foreclosing the mortgage based on our conclusion that the mortgage is valid because it contains sufficient information to identify the specific property that was conveyed to Mr. Dori. Additionally, based upon Heartwood's proper confession that the trial court improperly entered a monetary judgment against Mr. Dori because the foreclosure count did not seek monetary damages, we instruct the trial court not to include a monetary judgment against Mr. Dori in the final judgment of foreclosure entered on remand. On remand, Heartwood may amend Count II, the reformation claim, or abandon this claim based on this Court's ruling that it is entitled to a final judgment of foreclosure on the property without reformation of the deed.

Reversed and remanded.

SUAREZ, C.J., concurs.

SALTER, J. (concurring in part, dissenting in part).

I concur in the majority opinion to the extent that it reverses and remands for the entry of a final judgment of foreclosure in place of the final judgment on the promissory note indebtedness. The mortgage count should not have been dismissed, as the mortgage contained a sufficient legal description, the borrower's default and the amount of indebtedness were proven, and there was no impediment to the entry of a final judgment of foreclosure. Any alleged defect in the deed into the mortgagor (appellee, Shay Dori), should remain for a separate action (which would, if pursued, have to include the grantor as the other party to the facially-defective instrument) or a curative deed to be obtained from the grantor by consent.

I must respectfully dissent, however, from part C. of the majority opinion insofar as it finds an abuse of discretion in the trial court's denial of the plaintiff's motion to amend the reformation count (Count II of the complaint) to add the grantor as an indispensable party.

The mortgagee/plaintiff, appellant here,[2] filed a verified complaint in May 2012. Count I sought to foreclose the mortgage, while Count II sought reformation

---

[2] The original plaintiff was Wells Fargo Bank, N.A. Ultimately the current appellant, Heartwood 2, LLC, succeeded to the interests of Wells Fargo regarding the loan and was duly substituted as plaintiff.

of the deed[3] into the borrower, Shay Dori. Compounding the defect in the deed, counsel who prepared the complaint failed to join an indispensable party to the reformation count—the grantor. See Antonelli v. Smith, 556 So. 2d 1132, 1134 (Fla. 3d DCA 1989). The action then languished for two years. Though the case was noticed for trial in 2014 and again in 2015, the mortgagee's counsel apparently did not realize until March 2015 that the complaint needed to be amended to add the grantor on the deed-sought-to-be-reformed as a defendant for purposes of the reformation count.

In my view, the trial court did not abuse its discretion in denying such an amendment, even if unopposed. The case was three years old and stale,[4] but was finally scheduled to be tried the month after the hearing on the motion to amend. The possible consequences of allowing the amendment were the problem: the amendment would have to be filed or deemed filed; the new defendant would have to be served; the new defendant and existing defendant would have 20 days from

---

[3] Although the first allegation in Count II begins "This is an action to reform a Mortgage," the caption indicates that Count II seeks reformation of a deed, and the defective legal description is the one set forth in the deed (containing blanks instead of the official records book and page of the recorded declaration of condominium), not the mortgage.

[4] Florida Rule of Civil Procedure 1.010 provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Florida Rule of Judicial Administration 2.250, which sets "presumptively reasonable" times for the completion of cases, allows 12 months from the filing of a non-jury civil case to final disposition.

13

service within which to file a responsive pleading; the responsive pleading might be a motion necessitating a hearing, ruling, and additional time within which to answer; and the case might not be "at issue" under Florida Rule of Civil Procedure 1.440(a), and thus ready to be re-set for non-jury trial, for several more months.

The abuse of discretion standard of review applicable to a motion to amend generally defers to the right of a trial court to control the management and trial of a case. Though amendment is ordinarily to be "given freely when justice so requires," Florida Rule of Civil Procedure 1.190(a), that liberality is diminished as a case nears trial, and when a plaintiff has failed to act with due diligence. San Martin v. Dadeland Dodge, Inc., 508 So. 2d 497, 498 (Fla. 3d DCA 1987). Our review under the abuse of discretion standard will uphold a discretionary ruling unless it is "arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." Lugo v. State, 2 So. 3d 1, 19 (Fla. 2008) (quoting Parker v. State, 904 So. 2d 370, 379 (Fla. 2005)).

In the present case, I cannot agree that the trial court abused its discretion in denying the plaintiff's dilatory motion to add a party. The errors in the present case were essentially errors by counsel, not by the trial court. The tsunami of residential foreclosures in South Florida in the aftermath of the 2008 real estate recession has been marked in many cases by assembly-line pleadings, preparation of complaints

14

and affidavits by non-attorneys, and the neglect of cases by counsel.[5] The trial courts have shown commendable diligence in moving such cases, particularly stale cases, to trial and final judgment.

The trial court's denial of the plaintiff's proposed amendment to add a party to the reformation count, and our decision here, cause no prejudice to the parties. Heartwood 2 may ascertain from its title examination and title insurer whether it wishes to re-file the reformation count, to file a quiet title action against the grantor, or to track down the grantor/developer of the condominium to obtain a curative, recordable instrument. That is not our concern, nor was it required to be a concern of the trial court, given the errors and omissions by the person(s) who prepared and recorded the defective deed and by prior counsel for the lender in the foreclosure case.

For these reasons, I join the majority opinion to the extent that it reverses and remands the final judgment to vacate its characterization as a lien for the promissory note indebtedness, and to direct the entry of a final judgment of foreclosure using the property description in the mortgage. I respectfully dissent, however, from the majority opinion insofar as it finds an abuse of discretion in the trial court's denial

---

[5] Counsel for the parties in this appeal were not involved in such lapses or the errors reflected in the record before us.

of the appellant's motion to amend the reformation count to add a party the appellant

should have (and could have) included years before.