IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BAYVIEW LOAN SERVICING, LLC,

        Appellant,

v.

DEBRA A. NEWELL, et al.,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5173

Opinion filed December 6, 2017.

An appeal from the Circuit Court for Alachua County.
Robert E. Roundtree, Jr., Judge.

David Rosenberg, Jarrett Cooper, and Cynthia L. Comras of Robertson, Anschutz & Schneid, P.L., Boca Raton,  for Appellant.

Glorimil (Gloria) R. Walker and Judy Renee Collins, Three Rivers Legal Services, Inc., Gainesville, for Appellee.


BILBREY, J.

Bayview Loan Servicing, LLC, appeals a final order denying its claim for foreclosure and the trial court's *sua sponte* entry of a money judgment under the promissory note.[1]  Because Bayview proved its foreclosure claim at the final

---

[1] The final order also dismissed Bayview's claim for deed reformation (Count II of

hearing and no affirmative defenses to foreclosure were proven by Debra Newell, the borrower, we reverse the final order and remand for entry of a final judgment of foreclosure.

The initial complaint for foreclosure was filed by Bayview on November 7, 2014. The copies of the note and mortgage attached to the complaint both listed the street address of the property on South U.S. Highway 441, Micanopy, Florida 32667, as the property intended to secure the loan. The mortgage, in addition to the street address of the property, listed the Alachua County Property Appraiser's parcel identification number. Finally, the mortgage referenced a metes and bounds description of the parcel, attached to the mortgage as exhibit A. The exhibit A metes and bounds point of beginning was "the Northwest corner of Lot 57 of the LEITNER TRACT" in Alachua County. However, the corner angles following the point of beginning were improperly notated. While the digits for the angles were correct, the degree symbols were missing, so that, for example, what should have been "N. 85°26'03" W." appeared in exhibit A as "N. 8526'03" W."

Shortly after the commencement of the foreclosure action, a previous owner of the property who had been included in the original list of defendants sought to be dismissed from the action. To clarify that defendant's position that he no longer

second amended complaint) and did not dispose of Bayview's claim for mortgage reformation (Count III of second amended complaint). However, Bayview does not challenge these aspects of the final order.

held any interest in the securing real property and thus had no interest in the foreclosure case, he and the title company sought to correct the typographical errors in the deed to Ms. Newell which had been filed in the Official Records of Alachua County. As a result, a corrective warranty deed which included the degree symbols in the notations of the angles in the metes and bounds description, was prepared, recorded in the Official Records, and filed in the foreclosure case on March 17, 2015. Ms. Newell's grantor and the grantor's former spouse were then dropped as parties to the action.

The case proceeded to final hearing upon Bayview's second amended complaint, filed August 24, 2015.[2] In her answer to the second amended complaint, Ms. Newell admitted the allegations of paragraph 3 — that she had executed and delivered the note and mortgage at issue, that the mortgage had been recorded, and that the mortgage encumbered the property described in the mortgage and owned and possessed by Ms. Newell. The only affirmative defenses asserted as to the second amended complaint were that the claim for reformation of the mortgage was time-barred by the statute of limitations and that Bayview had failed to mitigate its damages. No affirmative defense to foreclosure of the mortgage was asserted in the answer to the second amended complaint.

---

[2] Despite the filing of the corrected deed, Bayview's second amended complaint retained a count for reformation of the deed. This count was properly deemed moot by the general magistrate, dismissed by the trial court, and such dismissal is not challenged on appeal.

The case progressed to a final hearing before a general magistrate. *See* Fla. R. Civ. P. 1.491. Bayview presented documentary evidence authenticated by its witness, and the documents were admitted. Ms. Newell did not call any witnesses or present any evidence. During closing arguments, counsel for Ms. Newell argued that the mortgage was "clearly erroneous," apparently referring to the lack of degree symbols in the metes and bounds description. Counsel for Ms. Newell suggested that Bayview could recover a money judgment on the note rather than foreclosing on the mortgage, but counsel for Bayview did not agree and insisted that the error was "nothing but a scrivener's error" and that Bayview sought foreclosure rather than a money judgment on the note alone.

The magistrate found that Bayview had established its standing to enforce the note via the foreclosure action and had presented competent substantial evidence to prove that the loan was in default and to prove the amounts due and owing. However, the magistrate did not recommend any disposition on Bayview's foreclosure claim, recommended that Bayview's claim for mortgage reformation be dismissed as untimely, and found that Bayview was "entitled to damages under the Promissory Note." Bayview's exceptions to the magistrate's report and recommendations, including its exception to the entry of a money judgment on the note rather than a judgment of foreclosure, were denied by the trial court. Bayview then moved for rehearing, reiterating its position that it sought foreclosure and not

4

a money judgment and arguing that the mortgage did not need reformation of the metes and bounds description in order to support foreclosure. Bayview's motion for rehearing was likewise denied. The final order on appeal denied foreclosure without explanation and entered a final money judgment on the note.

Bayview never requested a money judgment on the note in any pleading or motion, and objected consistently when this remedy was suggested by Ms. Newell's attorney and recommended by the magistrate. "A trial court is without jurisdiction to award relief that was not requested in the pleadings or tried by consent." *Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945 (Fla. 4th DCA 2015). Further, "granting relief, which was neither requested by appropriate pleadings, nor tried by consent, is a violation of due process." *Bank of Am., N.A. v. Nash*, 200 So. 3d 131, 135 (Fla. 5th DCA 2016) (citing *Posti*, 166 So. 3d at 945-46). The money judgment on the note in this case amounts to the trial court's *sua sponte* conversion of Bayview's foreclosure claim into an unpled claim for monetary relief. Accordingly, the portion of the final order entering a money judgment on the note must be reversed. *See Heartwood 2, LLC, v. Dori*, 208 So. 3d 817 (Fla. 3d DCA 2017).

The denial of Bayview's foreclosure claim must also be reversed. The magistrate's finding that Bayview proved the elements for foreclosure, including its standing, was not challenged by exception and not rejected by the trial court.

Ms. Newell never claimed, via affirmative defense or otherwise, that the typographical errors in the metes and bounds description of the real property rendered the mortgage ineffective to encumber the property with a lien for the mortgage. *See* § 697.02, Fla. Stat. (lien of mortgage covers the property described therein). The street address and property appraiser's parcel identification number were never contested, and the defense never suggested that the omission of the degree symbols in the metes and bounds description would prevent either party or a surveyor from locating the property affected by the lien using the lot and tract information, address, or parcel identification number. *See Dori*, 208 So. 3d at 821 (holding that "for a mortgage to create a valid lien, the mortgage must contain a sufficient description of the property to enable the parties to ascertain and locate the property affected by the lien") (*citing Sickler v. Melbourne State Bank*, 118 Fla. 468, 159 So. 678, 679 (1935)).

Even if such defense had been raised, "Florida courts have repeatedly held descriptions of property in mortgages sufficient despite minor mistakes and irregularities where the description of the property intended to be encumbered could be determined from a review of the entire instrument." *Regions Bank v. Deluca*, 97 So. 3d 879, 884-85 (Fla. 2d DCA 2012). It was undisputed here that the correct lot and tract as well as street address were stated on both the note and the mortgage, and in addition the mortgage listed the parcel identification number.

6

In light of the foregoing, the final order denying Bayview's action for foreclosure and entering a money judgment on the note is reversed, and this cause is remanded for entry of a judgment of foreclosure in favor of Bayview.

REVERSED and REMANDED.

ROBERTS and KELSEY, JJ., CONCUR.