# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-114
Lower Tribunal Nos. 12-1585SP, 20-107AP
_____

**United Automobile Insurance Company,**
Appellant,

vs.

**ISOT Medical Center Corp., a/a/o Joseph Rodriguez,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

Law Office of Chad A. Barr, P.A., and Chad A. Barr and Dalton L. Gray (Altamonte Springs), for appellee.

Before LOGUE, LINDSEY and HENDON, JJ.

HENDON, J.

United Automobile Insurance Company ("UAIC") appeals from a final judgment in favor of ISOT Medical Center Corporation, a/a/o Joseph Rodriguez ("ISOT"). We affirm.

In March 2009, Joseph Rodriguez was injured in an auto accident. Rodriguez was insured by UAIC, with a $1,000 policy deductible. He assigned his UAIC benefits to ISOT, which provided medical treatments and timely submitted its bills to UAIC. UAIC initially denied all charges. Upon receipt of ISOT's demand letter, UAIC allowed ISOT's bills, reduced each bill to the schedule of maximum charges,[1] applied the first $1,000 of the reduced charges to the $1,000 policy deductible, and then reimbursed the remaining charges at 80% of the schedule of maximum charges.

ISOT subsequently filed suit against UAIC for breach of contract to recover further benefits owed for the medical services it rendered, alleging

---

[1] The Florida No–Fault ("PIP") Statute, section 627.736, Florida Statutes, (2012 to date), sets forth a basic coverage mandate which requires every PIP insurer to reimburse 80% of reasonable expenses for medical services. There are two different methodologies permitted under the statute for calculating reimbursements to satisfy the PIP mandate: (1) the "reasonableness is a fact dependent inquiry" methodology prescribed under section 627.726(5)(a), Florida Statutes; and (2) the "schedule of maximum charges" provided under section 627.736(5)(a)1., Florida Statutes. The "schedule of maximum charges" limits payment to "200 percent of the allowable amount under" the "participating physicians fee schedule of Medicare Part B." See § 627.736(5)(a)1.f.(I) (2021). In turn, the Medicare Part B Physicians Fee Schedule prescribes the reimbursement rate for over 7,000 services performed by medical professionals.

2

the underpayment of PIP benefits and seeking further reimbursement of PIP benefits and statutory interest. UAIC answered the complaint but did not assert any affirmative defenses. ISOT then filed a motion for summary judgment as to the reasonableness of its charges for dates of service March 19, 2009 to May 28, 2009.  Both parties filed competing affidavits to support their motions, and the court denied ISOT's motion.

During the litigation, the Florida Supreme Court ruled that that an insurer cannot reduce a medical provider's bills to a fee schedule before applying a policy deductible. Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr., 260 So. 3d 219, 226 (Fla. 2018) (holding the deductible must be applied to 100% of the charges, only afterwards reduced to the schedule of maximum charges; the insurance company does not get to reduce the charges before applying the deductible).  ISOT then filed another motion for summary judgment asserting that when UAIC applied the deductible, it reduced ISOT's charges from the billed amounts to the fee schedule amounts before applying the deductible, contrary to the holding in Progressive.  In so doing, ISOT argued that UAIC improperly applied the policy deductible to several charges that fell outside of the first $1,000 of charges. Thus, once the deductible was re-calculated to be properly applied to the first $1,000 of charges billed, a group of unpaid charges

remained to which UAIC improperly applied the deductible but were not supposed to be reduced by the deductible. The summary judgment was specific to the four identified codes that are not disputed by either party as reasonable, related, or necessary and for which no prior reimbursement was previously made.

UAIC argued that ISOT was improperly seeking summary judgment as the money due ISOT for the four identified services would not then be utilized in a set-off. ISOT argued that, while UAIC previously issued the disputed reimbursements, it nevertheless failed to plead a payment defense and, furthermore, misinterpreted the rights of a set-off, specifically, that set-offs are for correcting codes or claims on an individual basis rather "mov[ing] money around from one code to another code after they reapply the deductible."

At the summary judgment hearing, ISOT contended that by accepting the amount UAIC paid for what it at the time believed were medically necessary services, ISOT was entitled to summary judgment. In other words, ISOT argued that upon proper recalculation of the deductible the four contested treatment codes should have been reimbursed by UAIC and argued its entitlement to summary judgment on this basis. UAIC responded that this failed to include the treatment that UAIC paid for, but was now

4

contesting, that occurred after March 31, 2009. UAIC agreed that it misapplied the deductible but argued at summary judgment that it is entitled to a setoff for the amount it overpaid for those treatments after March 31, 2009, relying on its expert's uncontested affidavit that those additional charges were not medically necessary or reasonable. UAIC argued that because ISOT did not state at summary judgment that it was still relying on its own expert's affidavit, which asserted that the disputed treatments were reasonable, related and necessary, UAIC's expert's testimony was unchallenged. The trial court denied UAIC's argument for set off and rendered final judgment for ISOT in the amount of $196.00 in benefits and $168.61 in interest. UAIC appeals.

We apply a de novo standard of review to the lower court's order granting summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000); Sierra v. Shevin, 767 So. 2d 524 (Fla. 3d DCA 2000).

UAIC relies on Hamm v. City of Milton, 358 So. 2d 121 (Fla. 1st DCA 1978), to argue it is entitled to a set-off of the amount awarded to ISOT for the treatments to which UAIC misapplied the deductible. In Hamm, a tort case, the defendant city's insurer made a pretrial $2,686.64 advance payment to Hamm. Prior to entry of judgment, the trial court reduced the

5

verdict amount by the amount previously advanced by the city's insurer. On appeal, the Court found that the set-off was appropriate, observing that it would be inequitable to allow plaintiffs to receive double recovery at the expense of the defendant.

We conclude that Hamm, as a tort action, is inapplicable to this insurance contract case. In a contract action, set-off is an affirmative defense that must be pleaded or it is waived. Fla. R. Civ. P. 1.110(d); Heartwood 2, LLC v. Dori, 208 So. 3d 817, 821 (Fla. 3d DCA 2017); S. Mgmt. & Dev., L.P. v. Gardner, 992 So. 2d 919, 920 (Fla. 4th DCA 2008); see also Felgenhauer v. Bonds, 891 So. 2d 1043, 1045 (Fla. 2d DCA 2004) (noting that in contrast to a contract action, in tort actions set-off is not an affirmative defense to be considered by the jury but is a determination regarding damages to be made by the court after the verdict is rendered); Jojo's Clubhouse, Inc. v. DBR Asset Mgmt., Inc., 860 So. 2d 503, 504 (Fla. 4th DCA 2003) (citations omitted). UAIC did not assert any affirmative defenses in its answer to the complaint.  Because UAIC did not assert the affirmative defense of set-off before trial and no evidence regarding the disputed benefits was presented to the finder of fact other than that both parties' experts agreed the treatments were medically necessary, the trial court appropriately denied set-off.

6

Affirmed.